IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MELANIE JOHNSTON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PYE CARS OF DALTON, INC.<br>and LIONEL F. PYE, JR. aka<br>"JOHNNY PYE",<br><br>　　　　　Defendants. | CIVIL NO. 4:19-cv-00126-ELR-WEJ |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.　Description of Case:**

**(a)　Describe briefly the nature of this action.**

**Plaintiff's summary of the nature of this action:**

This is an action for damages and injunctive relief arising out of the employment and termination thereof of Plaintiff Melanie Johnston by Defendant Pye Cars of Dalton, Inc. ("Pye Cars") and Johnny Pye. Plaintiff alleges that Defendant Pye Cars discriminated against her on the basis of sex in violation of Title VII of the Civil Rights Act, as amended ("Title VII"), retaliated against her for engaging in protected activity under Title VII, and violated the Fair Labor

1

Standards Act ("FLSA") by failing to maintain proper records of her time and failing to pay her overtime for hours worked in excess of 40 in multiple work weeks. Plaintiff also asserts state-law tort claims related to the sexual harassment she suffered, including for assault, battery, negligent retention, and intentional infliction of emotional distress as to Plaintiff. Defendants deny liability on Plaintiff's claims.

**Defendants' summary of the nature of this action:**

Defendants assert Ms. Johnston's employment with Pye Cars was terminated for legitimate, nondiscriminatory reasons and no Title VII claim can stand. With regard to Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), Defendant Pye Cars (also referred to as the "Dealership") asserts that Ms. Johnston was compensated for all hours worked in excess of 40 hours in any workweek in which she was employed. Defendant Lionel Pye denies he is an "Employer" under the FLSA. Ms. Johnston's pendant state law claims are also without merit.

(b) **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiff's summary of facts:**

Plaintiff worked for Defendant Pye Cars as a receptionist from August 2017 until the termination of her employment on March 22, 2018. For at least the first month or two of her employment, Plaintiff was required to work through lunch and

also required to clock out, so she worked hours for which she was not paid. Most or all of those weeks, the hours she was not allowed to report would have put her total hours worked over 40 but she was not paid an overtime premium for those hours.

Throughout her employment, co-worker Greg Flower regularly made unwelcome sexually charged comments to Plaintiff. He also touched Plaintiff in offensive and unwelcome ways. Mr. Flower's treatment of Plaintiff affected the terms and conditions of her employment and created a hostile working environment. His treatment of her also intentionally inflicted emotional distress and constitutes assault and battery.

Pye Cars' management was aware of the harassment Plaintiff was experiencing, both because some managers heard and/or observed it and because Plaintiff complained to various supervisors about the treatment she was receiving. On the day that one of the managers to whom she complained informed upper management, Pye Cars terminated Plaintiff's employment just a few hours later. The stated reason for her separation, that she was allegedly rude to an agent of Defendant's health insurance broker, is a pretext for discrimination and retaliation. Pye Cars wanted to get rid of Plaintiff because it did not want to deal with another sexual harassment case (as it had a harassment lawsuit pending at that time).

**Defendants' summary of facts**

With regard to Ms. Johnston's claims of sexual harassment, Defendants assert they had no knowledge of any claim by Ms. Johnston until AFTER she was informed by Operations Manager Greg Black her employment would be terminated due to her rude, intemperate treatment of the Dealership's medical insurance broker. Once Ms. Johnston knew her employment was terminated, she made the claim Mr. Flower had harassed her.

During Ms. Johnston's employment with the Dealership, it had a "No Harassment Policy" in place which instructed employees to bring harassment complaints to the attention of either Operations Manager Greg Black or Chief Financial Officer Kim Gaston. Although Ms. Johnston acknowledged in writing she read and understood the Policy, she never reported her alleged harassment to Ms. Gaston or Mr. Black.

With regard to Ms. Johnston's claims under the FLSA, Ms. Johnston's time records show that while she sometimes did work through lunch, she was always compensated for time worked.

**(c)     The legal issues to be tried are as follows:**

(1)     Whether Plaintiff can establish a prima facie case of unlawful sex discrimination and/or sexual harassment under Title VII of the Civil Rights Act of 1964.

(2) Whether Plaintiff was subjected to unlawful retaliation in the form of termination for communicating with a manager/supervisor about being sexually harassed by co-worker Greg Flower.

(3) If Plaintiff can establish liability, the extent and amount of damages she should recover for unlawful discrimination/harassment and/or retaliation.

(4) Whether Plaintiff worked hours for which she was not compensated and/or for which she should be entitled to overtime premium pay under the Fair Labor Standards Act ("FLSA").

(5) If Plaintiff can establish liability under the FLSA, the amount of damages (back pay and liquidated damages) to which is entitled.

(6) Was an assault and/or battery committed upon Plaintiff by Greg Flower?

(7) Was Plaintiff subjected to intentional infliction of emotional distress (IIED)?

(8) Did Defendants negligently retain Greg Flower?

(9) If Plaintiff can establish liability for assault, battery, negligent retention, and/or IIED, the amount of damages to which is entitled.

**(d)  The cases listed below (include both style and action number) are:**

**(1)  Pending Related Cases:** None.

    **(2)    Previously Adjudicated Related Cases:** *Chandler v. Pye Automotive Group LLC et al*, United States District Court for the Northern District of Georgia, No. 4:17-CV-00086-HLM-WEJ.

**2.   This case is complex because it possesses one (1) or more of the features listed below (please check): N/A**

__   (1)   Unusually large number of parties

__   (2)   Unusually large number of claims or defenses

__   (3)   Factual issues are exceptionally complex

__   (4)   Greater than normal volume of evidence

__   (5)   Extended discovery period is needed

__   (6)   Problems locating or preserving evidence

__   (7)   Pending parallel investigations or action by government

__   (8)   Multiple use of experts

__   (9)   Need for discovery outside United States boundaries

__   (10)  Existence of highly technical issues and proof

__   (11)  Unusually complex discovery of electronically stored information

**3.   Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

(1) Lisa D. Taylor, *Esq*. for the Plaintiff

(2) R. Patrick White, *Esq.* for the Defendants

**4.     Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

____Yes     _X__No

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.     Parties to This Action:**

**(a)     The following persons are necessary parties who have not been joined:**

None.

**(b)     The following persons are improperly joined as parties:**

None.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

Plaintiff:   None.

Defendant:  None.

**d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any**

contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

None.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)    *Motions to Compel:* before the close of discovery or within the

extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)     *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8.     **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

- Plaintiff and Defendants will file their initial disclosures within 14 days of the filing of the Joint Preliminary Report and Discovery Plan.

9.     **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each

**party.**

- The parties do not request a scheduling conference at this time.

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

(1) Liability

(2) Defenses

(3) Damages

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon

**particular issues, please state those reasons in detail below:**

- N/A

**11. Discovery Limitation:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None. The parties consent to electronic service of discovery materials wherever practicable, including but not limited to initial disclosures written discovery requests and responses and document productions, as described below. As much as possible, documents should be produced in OCR-searchable PDF files, or in natives where PDF conversions are unwieldy.

**(b) Is any party seeking discovery of electronically stored information?**

__X__ Yes  _____ No

The parties have discussed and will continue to discuss the extent of electronic discovery. The parties state that they will adhere to the obligations and requirements established by the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff has requested Defendant's potential sources of ESI. As a result of their discussions, the parties have thus far agreed to the following:

Plaintiff will search for relevant ESI in her possession and control from August 2017 through March 2018 ("Relevant Time Period") and any ESI after the

11

Relevant Time Period that relates to her efforts at mitigation and income. Defendants will search for relevant ESI in its possession and control for the Relevant Time Period. This includes searching the cell phones, email (work and personal (Outlook, gmail, etc.), computers or other sources of potential ESI data for each of the following people:

        (i)     Johnny Pye

        (ii)    Kim Gaston

        (iii)   Greg Black

The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

- The parties agree to work collaboratively and in good faith regarding the production of ESI. The parties agree to preserve the originals of documents in place, including ESI.

- Plaintiff will provide Defendants with a list of proposed search terms and the parties agree to work collaboratively and in good faith toward reaching an agreement about terms that Defendants will use to search their ESI as described herein.

- To the extent that a party excludes from production ESI from any source on the basis that the source is not reasonably accessible due to undue cost or burden, the party shall identify the source at issue and provide information regarding the ESI believed to be contained on the source as well as an explanation of the burdens in producing the ESI.

- For each ESI file produced, the parties agree that the file must be produced in a searchable format. The Parties also agree that they may request the production of metadata associated with any given file and that such requests for metadata are subject to the normal capabilities of each party's document management and production software, and subject to the need to redact text for privilege purposes.

- The parties agree that all documents produced will be produced in a logical organizational structure and with some form of labeling (according to the request to which such documents are responsive, or according to document type, or other logical organizational methodology) or a separate index that enables the receiving party to assess what is present in the production and make efficient use of it.

- The parties hereby agree that the parties will bear their own costs of production. Parties will meet and confer if a party contends the cost of production is excessive.

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

- None.

**13. Settlement Potential:**

**(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 7, 2019 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff: Lead counsel (signature):      /s/ Lisa D. Taylor

For Defendant: Lead counsel (signature):    /s/ R. Patrick White

  **(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(____) A possibility of settlement before discovery.

(_X_) A possibility of settlement after <u>some</u> discovery.

(____) A possibility of settlement, but a conference with the judge is needed.

(____) No possibility of settlement.

  **(c) Counsel (_X_) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The parties have not yet proposed a specific date of the next settlement conference.**

  **(d) The following specific problems have created a hindrance to settlement of this case.**

- The Parties view the facts and law differently at this time.

**14. Trial by Magistrate Judge:**

  **Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

  **(a) The parties (____) do consent to having this case tried before a magistrate judge of this court.**

  **(b) The parties (_X_) do not consent to having this case tried before a magistrate judge of this court.**

Respectfully submitted this 24th day of October, 2019.

/s/ Lisa D. Taylor
Lisa Durham Taylor
Georgia Bar No. 235529
**DURHAM TAYLOR LLC**
1650 Whippoorwill Road
Watkinsville, Georgia  30677
Telephone:  (770) 235-1117
Facsimile:  (706) 478-6797
lisa@durhamtaylor.com

John T. Stembridge
Georgia Bar No. 678605
**STEMBRIDGE LAW LLC**
2951 Piedmont Road
Suite 300
Atlanta, Georgia  30305
(404) 604-2691

**Attorneys for Plaintiff Melanie Johnston**

/s/ R. Patrick White
R. Patrick White
Georgia Bar No. 754806
**KERSHAW WHITE LLC**
5881 Glenridge Drive, Suite 100
Atlanta, GA  30328
Telephone:  (470) 443-1100
Facsimile:  (404) 748-1179
patrick.white@kershawwhite.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MELANIE JOHNSTON,<br><br>        Plaintiff,<br><br>v.<br><br>PYE CARS OF DALTON, INC.<br>and LIONEL F. PYE, JR. aka "JOHNNY PYE",<br><br>        Defendants. | CIVIL NO. 4:19-cv-00126-ELR-WEJ |

**CERTIFICATE OF SERVICE**

I certify that on this date I filed the foregoing Joint Preliminary Report and Discovery Plan using the court's CM/ECF system, which will generate service of process on all counsel of record.

Dated:     October 24, 2019

                                          /s/ Lisa D. Taylor
                                          Lisa D. Taylor
                                          Georgia Bar No. 235529