FILED IN CHAMBERS
U.S.D.C. ROME

Date: Apr 29 2021

JAMES N. HATTEN, Clerk

By: s/Kari Butler

Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| MELANIE JOHNSTON, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| Plaintiff, | ) | 4:19-CV-00126-ELR-WEJ |
| | ) | |
| v. | ) | |
| | ) | |
| PYE CARS OF DALTON, INC. and | ) | |
| LIONEL F. PYE, JR. a/k/a | ) | |
| "JOHNNY PYE," | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING OF CORRECTED
## JOINT PROPOSED PRETRIAL ORDER

The undersigned counsel for all parties hereby give notice that they are filing

this day the attached Corrected Proposed Pretrial Order.  The Parties timely filed

the original Proposed Pretrial Order on the evening of October 21, 2020.  [Doc.

44.]  However, after reviewing the final filed version, the Parties realized that due

to an oversight and/or lapse of communication, the incorrect version of Attachment

E was included.  This Corrected version includes the correct version of Attachment

E, as well as all other parts.  The Parties respectfully request that the Court

substitute this Corrected version for the original, erroneous version filed on

October 21.

1

This 22nd day of October, 2020.

**KERSHAW WHITE LLC**

*s/ __R. Patrick White__*
R. Patrick White, Esq.
  (Ga. Bar No. 754806)
  patrick.white@kershawwhite.com
KERSHAW WHITE LLC
5881 Glenridge Drive, N.E., Suite 100
Atlanta, GA 30328
Telephone: (470) 344-0992
Facsimile: (404) 748-1179
*Counsel for Defendant Pye Cars of*
*Dalton, Inc. and Lionel F. Pye, Jr.*
*a/k/a "Johnny Pye"*

**DURHAM TAYLOR LLC**

*s/ __Lisa Durham Taylor__*
Lisa Durham Taylor, Esq.
  (Ga. Bar No. 235529)
  lisa@durhamtaylor.com
DURHAM TAYLOR LLC
1100 Garrett Road
Statham, GA  30666
Telephone: (770) 235-1117
Facsimile: (706) 478-6797

John T. Stembridge
  (Ga. Bar No. 678605)
  john@stembridgelaw.com
STEMBRIDGE LAW LLC
2951 Piedmont Road
Suite 200
Atlanta, GA  30305
Telephone: (404) 604-2691

*Counsel for Plaintiff*
*Melanie Johnston*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| MELANIE JOHNSTON, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| Plaintiff, | ) | 4:19-CV-00126-ELR-WEJ |
| | ) | |
| v. | ) | |
| | ) | |
| PYE CARS OF DALTON, INC. and | ) | |
| LIONEL F. PYE, JR. a/k/a | ) | |
| "JOHNNY PYE," | ) | |
| | ) | |
| Defendants. | ) | |

## CONSOLIDATED PRETRIAL ORDER

### 1.

There are no motions or other matters pending for consideration by the court except as noted:

There are currently no motions pending.  Pursuant to the Instructions for Cases Assigned to the Honorable Eleanor L. Ross, all motions in limine will be filed electronically on the docket no later than Twenty-One (21) days before the pretrial conference.

### 2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

The Parties agree that discovery is complete.  If the Parties determine that depositions are needed to preserve evidence, they will work together to coordinate these depositions.

3.

The names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

The names of the Parties are correct, and there is no question about misjoinder or non-joinder of any parties.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

There is no question as to the Court's jurisdiction based upon the following code sections:

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C Section 2000e *et seq.*

The Fair Labor Standards Act, as amended, 29 U.S.C. Section 201 *et seq.*

The Court has supplemental jurisdiction pursuant to 29 U.S.C. Section 1367 over Ms. Johnston's claims of intentional infliction of emotional distress, negligent retention, and assault and battery.

4

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff  Melanie Johnston:**

> Lisa D. Taylor
> DURHAM TAYLOR LLC
> 1100 Garrett Road
> Statham, GA 30666
> (770) 235-1117

**Defendants Pye Cars of Dalton, Inc. and Lionel F. Pye:**

> R. Patrick White, Esq.
> KERSHAW WHITE LLC
> 5881 Glenridge Drive, Suite 100
> Atlanta, GA 30328
> (470) 344-0992

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

The parties agree that Plaintiff is entitled to open and close arguments to the jury.

7.

The captioned case shall be tried to a jury.

The Parties propose that the case shall be tried to a jury on the issues of

liability under Title VII, the FLSA and the state law claims and as to compensatory

and punitive damages as well as unpaid wages under the FLSA.  However, Plaintiff's entitlement to equitable relief including back pay, reinstatement or front pay, and any other forms of equitable relief, Plaintiff's entitlement to liquidated damages under the FLSA, and Plaintiff's entitlement to attorney's fees and costs are legal issues to be decided by the Court after a determination of liability. *Franks v. Bowman Transportation Co.,* 424 U.S. 747, 763–64 (1976); *James v. Stockham Valves & Fittings Co.,* 559 F.2d 310, 354 (5th Cir. 1977); *Albemarle Paper Company v. Moody,* 422 U.S. 405, 418 (1975).

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

In the event the Court permits the jury to consider awarding punitive damages against Defendants on Plaintiff's claims of retaliation under Title VII of the Civil Rights Act or on any of Plaintiff's pendant state claims, Defendants request the issue of punitive damages to be bifurcated.  Plaintiff does not consent to bifurcation of any issue.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendants wish to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any.  Counsel may be permitted to ask follow-up questions on these matters.  It shall not, therefore, be necessary for counsel to submit questions regarding these matters.  The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:

Defendant has no objection to plaintiff's voir dire questions.

State any objections to defendants' voir dire questions:

Plaintiff has no objection to defendants' voir dire questions.

12.

Pursuant to the Instructions for Cases Assigned To the Honorable Eleanor L. Ross, all civil cases expected to last one week or less shall be tried before a jury consisting of not less than eight (8) members. The parties must state in the space provided below the basis for any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. *See* Fed.R.Civ.P. 47(b).

The parties do not object to the limitation of the number of peremptory

challenges provided by 28 U.S.C. § 1870.

7

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

A case styled *Alicia Chandler, Plaintiff v. Pye Automotive Group and L.F.*

*"Johnny Pye"* Defendants, United States District Court, Northern District of

Georgia, Rome Division, Civil No. 4:17-cv-86-HLM contained allegations of

violations of the Fair Labor Standards Act and Title VII of the Civil Rights act, as

amended, asserted against the same or related defendants. The case has been

dismissed.

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.  In negligence cases, each and every act of negligence relied upon shall be separately listed.  For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any

counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.  It is the duty of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

**By Plaintiff**:

(1) Whether Plaintiff was sexually harassed as defined by Title VII and corresponding case law.

(2) Whether Plaintiff can establish that Pye Cars of Dalton, Inc. ("Pye Cars") is liable to Plaintiff under Title VII for sexual harassment and/or retaliation.

(3) If Plaintiff can establish a Title VII claim, whether Plaintiff is entitled to any damages, and, if so, in what amount.

(4) Whether Plaintiff can establish a claim for violation of the Fair Labor Standards Act.

(5) If Plaintiff can establish a claim for violation of the Fair Labor Standards Act, the amount of her unpaid wages and/or overtime.

(6) Whether Plaintiff can establish a claim of negligent retention under Georgia law against either Defendant, and if so, what are her damages.

(7) Whether Plaintiff can establish a claim of intentional infliction of emotional distress under Georgia law against either Defendant, and if so, what are her damages.

(8) Whether Plaintiff can establish a claim of assault and battery under Georgia law against either Defendant, and if so, what are her damages.

(9) Whether Plaintiff is entitled to recover attorneys' fees and/or costs.

**By Defendants Pye Cars of Dalton and Lionel F. Pye, Jr.:**

1.    Whether Defendant Lionel F. Pye, in his individual capacity, is an "Employer under the Fair Labor Standards Act;"

2.    Whether Defendant Pye Cars of Dalton suffered or permitted Plaintiff to work "off the clock" entitling her to unpaid wages at her hourly rate;

3.    Whether Plaintiff is entitled to unpaid overtime compensation;

4.    Whether the conduct alleged against former employee Greg Flower was pervasive and severe;

5.    Whether Plaintiff notified the management of Pye Cars of Dalton, Inc.

of her allegations of harassment by Greg Flower;

6.      Whether Pye Cars of Dalton knew or should have known of the

   conduct alleged by Plaintiff ;

7.      Whether Pye Cars of Dalton retaliated against Plaintiff by terminating

   her employment.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

Attached hereto as Attachment "F-1-A" are Defendant's objections, if any, to Plaintiff's witness list.  Attached hereto as "F-2-A" are Plaintiff's objections, if any, to Defendant's witness list.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G-3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits.  Counsel are required,

11

however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Attached hereto as Attachment "G-1-A" are Defendant's objections, if any, to Plaintiff's exhibit list. Attached hereto as "G-2-A" are Plaintiff's objections, if any, to Defendant's exhibit list.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

The Parties may introduce by deposition the testimony of any witness appearing on either party's list who is unavailable for trial, who is outside the Court's subpoena power, or whose testimony may be necessary for impeachment, rebuttal or other authorized use under the Federal Rules of Evidence. Parties need not designate testimony to be used solely for impeachment in advance of trial. To the extent this Court permits either party to offer only part of a deposition in evidence, the Parties reserve the right to require the party offering the testimony to introduce other parts of the deposition which ought to be considered in fairness, and to themselves introduce any other parts of the deposition, pursuant to Fed. R. Civ. P. 32(a)(6). The Parties also reserve the right to object to the admissibility of those portions of depositions the opposing Party may seek to introduce at trial, pursuant to Fed. R. Civ. P. 32(b).

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

The Parties request that they be permitted to file trial briefs no later than

fourteen (14) days before trial, with any responses to those briefs filed seven (7) days

before trial.

### 22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

The Parties will submit their respective requests for charge as directed by the

Court.

### 23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special

form of submission, parties will propose their separate forms for the consideration of the court.

The parties will submit a proposed verdict form to the Court no later than ten (10) days prior to the Pretrial Conference.

## 24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

Neither of the parties request additional time for argument.

## 25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

Not applicable.

## 26.

Pursuant to the Instructions For Cases Assigned To The Honorable Eleanor L. Ross, no later than ten (10) days before the date of the pretrial conference, the parties, initiated by counsel for the plaintiff, shall meet to (a) discuss settlement and (b) to stipulate to as many facts and issues as possible. The Court will discuss settlement with the parties if the case is to be tried before a jury.

The Parties agree to meet and to discuss settlement as required by the Court's

instructions.

## 27.

The Court will not consider this case for a special setting and it will be scheduled by the clerk in accordance with the normal practice of the Court.

28.

The plaintiff estimates that it will require 2 days to present her evidence. Defendants estimate that they will require 2 days to present their evidence. It is estimated that the total trial time is 4-5 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case approved by the Court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this 29th day of April, 2021.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

16

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

**KERSHAW WHITE LLC**

*s/ **R. Patrick White***
R. Patrick White, Esq.
  (Ga. Bar No. 754806)
  patrick.white@kershawwhite.com
KERSHAW WHITE LLC
5881 Glenridge Drive, N.E.
Suite 100
Atlanta, GA 30328
Telephone: (470) 344-0992
Facsimile: (404) 748-1179

*Counsel for Defendant Pye Cars of*
*Dalton, Inc. and Lionel F. Pye, Jr.*
*a/k/a "Johnny Pye"*

**DURHAM TAYLOR LLC**

*s/ **Lisa Durham Taylor***
Lisa Durham Taylor, Esq.
  (Ga. Bar No. 235529)
  lisa@durhamtaylor.com
DURHAM TAYLOR LLC
1100 Garrett Road
Statham, GA  30666
Telephone: (770) 235-1117

John T. Stembridge
  (Ga. Bar No. 678605)
  john@stembridgelaw.com
STEMBRIDGE LAW LLC
2951 Piedmont Road
Suite 200
Atlanta, GA  30305
Telephone: (404) 604-2691

*Counsel for Plaintiff*
*Melanie Johnston*

**ATTACHMENT A**

**Questions Which the Parties Request
that the Court Propound to Jurors
<u>Concerning Their Legal Qualifications to Serve</u>**

1.  Are you a citizen of the United States?

2.  Are you eighteen years of age or older?

3.  Are you able to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form?

4.  Do you have a charge pending against you for the commission of, or have you been convicted in a State or Federal court of record of, a crime punishable by imprisonment for more than one year?  If so, have your civil rights been restored by pardon or amnesty?

5.  Is there any reason (medical or otherwise) why you cannot sit on a jury, listen to facts and law, and make a decision?

6.  Are you currently taking any medicine or drug that might impair your ability to render satisfactory jury service in this action?

7.  Do you or any member of your family have a business relationship with Pye Cars of Dalton, Inc. or any other car dealership bearing the Pye name such that you or a member of your family receives income for services, goods or advice provided to or from either Defendant?

8.  Are you related by blood or marriage to Lionel F. Pye, Jr. who goes by "Johnny Pye"?

9.  Are you related by blood or marriage to Kimberly Gaston?

10. Are you related by blood or marriage to Melanie Johnston?

11. Does any member of this panel know Johnny Pye or Kimberly Gaston?

12. Does any member of this panel know Melanie Johnston?

13.   Does any member of this panel know Greg Flower?

14.   Does anyone know any of the following individuals who may be witnesses in this case? [Court will instruct the attorneys to name their witnesses.]

15.   Are you related by blood or marriage to Lisa Durham Taylor, John Stembridge, or any member or employee of either the firm Durham Taylor LLC or Stembridge Law LLC?

16.   Are you related by blood or marriage to Patrick White, Jeffrey Kershaw, or any member or employee of the firm Kershaw White?

17.   Has anyone attempted to discuss this case in your presence?

18.   Do any of you have any interest, financial or otherwise, in the outcome of this case?

19.   If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at trial and in the context of the law as I will give it to you in my instructions?

20.   Does any juror hold any belief, religious, or otherwise, which discourages or prevents jury service?

21.   Have you formed or expressed any opinion as to which of the parties ought to prevail in this case?

22.   Have you any wish or desire as to which of the parties ought to prevail in this case?

**ATTACHMENT B-1**

**Questions Which Plaintiff Requests that the Court
Propound to Jurors on Voir Dire Examination**

Plaintiff submits the following proposed voir dire questions to be submitted

to the jury panel in this case.  If a question is answered in the affirmative by a

proposed juror, Plaintiff respectfully requests leave to ask follow-up questions.

1.    Have you ever worked in the car dealership industry?

2.    Do you know, however slightly, any person who works or has worked
      for Pye Cars of Dalton, Inc., Pye Automotive Group, LLC, Pye
      Nissan, Inc., or any other car dealership or other business owned or
      operated under the Pye name in Dalton, Georgia?  If yes, then also
      state the position in which this person is employed and the dates of
      employment.

3.    Have you ever transacted any business, including purchasing a car or
      car part or having any automobile serviced, at any of the car
      dealerships just mentioned?

4.    Have you ever visited any of the car dealerships just mentioned?  If so
      when and under what circumstances?

5.    Have you ever had any interaction with Johnny Pye?  If so, please
      describe the nature of your interaction and when it took place.

6.    Have you reported or complained about any kind of discrimination in
      the workplace, for example, by speaking to human resources or
      someone in management?  If yes, please tell us about it?

7.    What is your education level (e.g. high school graduate, attended
      college, graduate of college, graduate school, degrees held,
      specialized training, etc.)?

8.     Have you had any prior experience with the legal system as a plaintiff or defendant?  If so, what was the result?  Were you satisfied or dissatisfied with the overall experience?

9.     Have you ever been a witness in any legal proceeding?  What aspect were you a witness for?  Where you satisfied or dissatisfied with the overall experience?

10.    Have you ever engaged the services of an attorney?  Were you satisfied or dissatisfied with the overall experience?

11.    Have you ever had occasion to meet the Plaintiff, Melanie Johnston?  If so please describe the nature of your contact with her.

12.    Have you or any member of your family attended law school, engaged in the practice of law, or worked in a law office?

13.    Have you served previously in a jury in either state or federal court?  If so, what type of case was it?  Was the jury able to reach a verdict?  Were you the foreperson?

14.    Are there any of you who you yourself, or any member of your immediate family, has ever been a plaintiff or a defendant in any suit brought as a result of alleged sexual harassment or retaliation?

15.    Do you have any familiarity with the statutes or case law regarding employment discrimination?  Sexual harassment?  Retaliation?  If so, state the source of your information or legal training and what you understand the law to be.

16.    Have you or any member of your immediate family ever been a plaintiff or a defendant in any suit brought to recover unpaid overtime wages?

17.    Do you believe that employees should be paid properly for all hours that they work?

18.    Do you have familiarity with the statutes or case law regarding the requirement of paying overtime?  If so, state the source of your familiarity with such law and what you understand it to be.

19.     Have you or anyone in your family ever accused his or her employer of violating federal or state law?

20.     Have you or any of your relatives or close personal friends ever been treated differently because of your sex or gender?  Been sexually harassed?

21.     Have you or any of your relatives or close personal friends ever been retaliated against because you complained about something unlawful?

22.     Have you or any of your relatives or close personal friends ever not been paid overtime for working more than 40 hours per week?

23.     Have you or any of your relatives or close personal friends ever been involved in a legal dispute with a current or former employer?

24.     Have you had an occasion to meet any of the following people wo may be called as a witness in this case?  [**Please see witness lists attached to Pretrial Order.**]

25.     Is there any reason why you could not give a fair and impartial hearing to either party in a case where the Plaintiff alleges she was sexually harassed?  Retaliated against for complaining about sexual harassment?

26.     Is there any reason why you could not give a fair and impartial hearing to either party in a case where the Plaintiff alleges she was not properly paid for all hours that she worked?

27.     Have you or any of your relatives or close personal friends ever been accused of harassing someone else, sexually or otherwise?

28.     Have you been a member of or active in any kind of church, school, fraternal, service, business, professional, environmental, civic, social, neighborhood, or labor organization?  If so, please identify any such organization.

29.     Do you have any religious beliefs or principles that would make it difficult or impossible for you to serve as a juror in this case?

30.     Are you an employer or do you work in a supervisory or management capacity for a company or agency?

31.     Does anyone believe that no employee is entitled to be paid for having to endure sexual harassment?

32.     How common do you think it is that an employee who reports sexual harassment is retaliated against?

33.     Do you believe that sometimes an employee's fear of retaliation is so strong that she doesn't immediately report the harassment?

34.     Have you read books or magazine articles or seen television shows about sexual harassment?  If so, please describe.

35.     What television shows do you watch regularly?

36.     If you find that it is more likely than not that the Plaintiff's allegations are true, you must find for the Plaintiff in this case.  Please raise your hand if you would need either more proof or more certainty than "more likely than not" before you find for the Plaintiff.

37.     This is a case in which money damages are sought as compensation for sexual harassment and retaliation.  Do you have any disagreement whatsoever with our system of justice which provides that disputes such as this should be brought before a jury of people such as yourself for resolution?

38.     The Plaintiff is seeking back pay and compensatory and punitive damages in a significant amount.  If you believe from the evidence presented and the law as given you in the charges by the Court that Plaintiff is entitled to recover such amount, please raise your hand if you would have any hesitation whatsoever about awarding a significant amount of damages.

39.     Some people feel that a plaintiff should not come to court asking a jury to compensate them for the damages they allege to have suffered.  Others feel that it is appropriate.  Are you closer, even a little bit, to the group that feels that a plaintiff should not come to court asking a jury to award an amount of money for damages?

40.     How do you feel about whether there should be upper or lower limits on the amount of money jurors should be allowed to give?

41.     At the end of this trial, if you think it will take just $50 to make up for what happened to the Plaintiff – but you know that Plaintiff wants much more than that – would you have trouble ignoring what the Plaintiff wants and deciding on a verdict of only fifty dollars, if that's what you think is fair, in spite of feeling sorry for the Plaintiff?

42.     Now here's the other side of that question.  If you decide it will take, say, twenty-five million dollars to make up for what happened to the Plaintiff, what trouble would you have – even a little – in deciding on a verdict like that if you thought it was fair, in spite of feeling sorry for the defendants, who'll want it to be much less?

43.     Given the kind of person you are, your attitudes, life experiences, opinions, everything about you, what is there about you that might help you, even a little, in being a juror on this kind of case?

44.     Given the kind of person you are, what is there about you that you think might make it just a little bit harder for you to be a juror in this kind of case?

45.     Responsibility means paying enough money to fully compensate the losses and the level of harm, without taking anything into account other than those losses and harms.  That's the law.  Who here thinks they might have trouble, even a little, keeping things out of consideration that don't belong here?

46.     If you are a juror in this case, you will have some rights.  One of those rights is the right to hear all testimony.  So if a witness says something you don't hear, will you be comfortable raising your hand and telling the judge, "Your honor, I did not hear what the witness said."  Will you do that?

47.     As a juror you will have the right to understand the law.  Nothing can be more important.  But every so often during deliberations, jurors disagree over what the law is.  Sometimes a juror is just not sure.  And sometimes a discussion will start about what the law really is.  So if

any of that happens, instead of trying to decide among yourselves, will you be comfortable telling your foreperson to knock on the jury room door and ask the bailiff to tell the judge that there is something about the law you need to hear about again?

48.  Is there anyone who would be inclined to favor Pye Cars in this case due to its reputation, name recognition, or financial influence in the community?

49.  Do any of your work in the human resources department of any company?  If so, does your company maintain any policy regarding sexual harassment?

50.  Do any of you feel it would be difficult to render an unbiased and impartial verdict in this case for any reason that we have not discussed?

51.  Who feels they could not under any circumstance support an award of money for emotional distress, no matter how severe an no matter if the facts and law called for such an award?

52.  Who on the jury panel believes that juries should not be in the business of awarding money damages to people for psychological harm, such as mental anguish, anxiety, stress and/or trauma, regardless of the evidence?

53.  Who on the jury panel believes that people whose rights were violated should be awarded only the sum of money that they can prove with exact certainty they lost as a result of their rights being violated?

54.  Who on the jury believes that, unless you can actually see some kind of damage, like lost income or a broken bone, there has not been any damage?

Plaintiff reserves the right to ask any questions identified in A or B-2

to this Pretrial Order to the extent that they are not asked by the Court or by

Defendants.  Plaintiff also reserves the right to ask reasonably related follow-up questions to any of the enumerated questions.

**Attachment B-2**

**General Questions Which Defendants Wish to be
<u>Propounded to the Jurors on Voir Dire Examination</u>**

1.    One aspect of this case involves a claim by Melanie Johnston against Defendant Pye Cars of Georgia, Inc. d/b/a Pye Kia, for sexual harassment by her co-worker, a car salesman named Greg Flower.  Would you find it difficult or impossible to serve as a juror in a case dealing with an issue of sexual harassment?

2.    Have you ever had a dispute with your employer?

3.    Have you ever had a dispute with a car dealer?

4.    Have you ever been a plaintiff in a lawsuit?

5.    Have you ever been a defendant in a lawsuit?

6.    Have you ever had a claim for money damages made against you that did not result in a lawsuit?

7.    Have you ever made a claim for money damages against another person which did not result in a lawsuit?

8.    Have you ever been employed by an automobile dealership?

9.    Have you ever been employed in the area of Human Resources?

10.   Have you ever received training regarding sexual harassment in the workplace?

11.   Have you ever watched a video regarding sexual harassment in the workplace?

12.     Have you ever filed a claim with the Equal Employment Opportunity Commission, better known as the EEOC, for any reason?

13.     Do you, or did you ever, supervise employees in your career?

14.     Have you ever owned your own business?

15.     Have you ever fired an employee?

16.     Have you ever been fired by an employer?

17.     Do you have any legal training?

18.     Does anyone in your immediate family have any legal training?

19.     Have you ever served as a juror on a civil case?

20.     If you have served as a juror on a civil case, what issue did you have to decide?

21.     If you served as a juror in a civil case, did your jury reach a verdict?

22.     Have you ever served as a juror on a criminal case?

23.     If you served as a juror in a criminal case, did your jury reach a verdict?

24.     Have you ever worked in law enforcement?

25.     Has any member of your family worked in law enforcement?

## ATTACHMENT C

## Plaintiff's Outline of the Case

I.   Factual Outline

Plaintiff worked for Defendant Pye Kia as the receptionist from August 2017

until March 2018.[1]  She was paid an hourly wage and often required to work

through lunch even though she was told to clock out, because she was not allowed

to leave the reception desk unattended.  Defendants did not pay Plaintiff the

overtime premium she was due for hours she was required to work off the clock.

Plaintiff was sexually harassed on a near-daily basis throughout her

employment at Pye Kia by co-worker Greg Flower.  He harassed her verbally by

making comments about her body and clothing and propositioning her for sexual

activities, among other things.  He offered to "help" Plaintiff with sex and with

"relief" of stress and tension, told her that he wanted to throw her on his bed and

"eat" her, and told her in multiple, vulgar ways that he wanted to have sex with

her.  Mr. Flower also touched Plaintiff in physical and offensive ways including by

grabbing her breasts and sticking his foot in her crotch area from behind.  When

---

[1]      She began her employment in August 2017 working for Pye Honda, a separate corporation under common ownership with Pye Kia, located across the street.  Defendants transferred her over to Pye Kia a few months after she started.  Most of the events relevant to this lawsuit occurred while she worked at Pye Kia.

she told him to stop, he ignored her.  When she told him he should not say those things to her because he is married, he told her that his wife (who uses a wheelchair) was not a problem - he would just "push her down a hill."

Other employees, including management, were well aware of the treatment Plaintiff was receiving from Mr. Flower but did nothing to correct it.  Among others, Michael Autry, the Service Manager, David Hancock, the Parts Manager, and Jeff Middlebrooks, the Finance Manager, observed Mr. Flower do and say these things to Plaintiff.  Sales Managers Bill Reed and Gene Roberts, to whom Mr. Flower reported at certain times, also knew about this conduct, but they too did not stop it.

In fact, upper management at Pye Kia condoned an atmosphere in which sexual harassment was at least permitted if not encouraged.  Owner/Defendant Johnny Pye, for example, made comments from time to time during Plaintiff's employment that showed his flippant disregard for the law governing sexual harassment.  During the time Plaintiff worked there and suffered this harassment, the Pye dealerships were defending a similar lawsuit brought by another former female employee, Alicia Chandler, who endured sexual harassment and was then fired shortly after she complained about it.  Plaintiff heard Mr. Pye on the telephone, refer to Ms. Chandler as a "whore" and say "I've got more money than

her so I'll eventually win."  Mr. Pye even made comments directly to Ms.

Johnston, such as (with a sarcastic tone), "Can I tell you that you look good in that

dress?  Oh no! That would be sexual harassment!"  Moreover, certain of the

individuals identified in Ms. Chandler's lawsuit as perpetrators of harassment were

retained and/or rehired during that time.

Ms. Johnston complained to numerous people about the harassment she was

suffering, including an office manager named Tonya and another manager named

Brad, but nothing changed. When Plaintiff's complaints of harassment were

eventually escalated to upper management (Kim Gaston and Greg Black),

however, Defendant terminated her employment the same day.

II.    <u>Summary of Legal Claims</u>

The following claims will be asserted at trial:

(1) Hostile work environment sexual harassment in violation of Title VII of
    the Civil Rights Act of 1964, as amended.

(2) Retaliation in violation of Title VII of the Civil Rights Act of 1964, as
    amended.

(3) Failure to pay required overtime under the Fair Labor Standards Act of
    1938, as amended.

(4) Intentional infliction of emotional distress under Georgia state law.

(5) Assault and battery under Georgia state law.

(6) Negligent retention under Georgia state law.

III.  <u>Relevant Rules, Regulations, Statutes, Ordinances, and Illustrative Case Law</u>

A.   *Statutes*:

Title VII of the Civil Rights Act of 1964, as amended, <u>42 U.S.C. § 2000e</u> et seq., <u>42 U.S.C. §1981a</u>

Fair Labor Standards Act of 1938, <u>29 U.S.C. § 201</u> et seq.

<u>O.C.G.A § 34-7-20</u>

<u>B</u>.   *Illustrative case law*:

*Burlington N. & SantaFe Ry. Co. v. White*, <u>548 U.S. 53</u> (2006)

*Oncale v. Sundowner Offshore Servs., Inc.*, <u>523 U.S. 75</u> (1998)

*Faragher v. City of Boca Raton*, <u>524 U.S. 775</u> (1998)

*Burlington Industries v. Ellerth*, <u>524 U.S. 742</u> (1998)

*Meritor Savings Bank v. Vinson*, <u>477 U.S. 56</u> (1986)

*Anderson v. Mt. Clemens Pottery Co.*, <u>328 U.S. 680, 688-89</u>, (1946)

*Reeves v. C.H. Robinson Worldwide, inc.*, <u>594 F.3d 798</u> (11th Cir. 2010)

*Olivas v. A Little Havana Check Cash, Inc.*, <u>324 Fed. Appx. 839</u> (11th Cir. 2009)

*Hurlbert v. St. Mary's Health Care System, Inc.*, <u>493 F.3d 1286, 1298</u> (11th Cir. 2006)

*Watson v. Blue Circle, Inc.*, 324 F.3d 1252 (11th Cir. 2003)

*Dees v. Johnson Controls World Servs., Inc.*, 168 F.3d 417 (11th Cir. 1999)

*Henson v. City of Dundee*, 682 F.2d 897 (11th Cir.1982)

*Claros v. Taylor Lee & Associates*, No. 1:18-CV-02204-CAP-WEJ, Docket Nos. 97 & 118] (Sept. 14, 2020).

*Chandler v. Pye Automotive Group, LLC*, No. 4:17-CV-00086-HLM-WEJ, 2018 WL 4844380 (N.D. Ga. Aug. 31, 2018).

*Taylor v. Cardiovascular Specialists, P.C.*, No. 1:11-CV-4521-TCB-RGV, 2013 WL 12310269, at *18 (N.D. Ga. Dec. 11, 2013), report and recommendation adopted, 4 F. Supp. 3d 1374 (N.D. Ga. 2014)

*Morgan v. Fellini's Pizza, Inc.*, 64 F. Supp. 2d 1304, 1309 (N.D. Ga. 1999)

*Simon v. Morehouse School of Medicine*, 908 F.Supp. 959 (N.D.Ga.1995)

*EEOC v. SDI Athens East LLC*, 690 F. Supp.2d 1370 (M.D. Ga. 2010)

*Nuri v. PRC, Inc.*, 13 F. Supp.2d 1296 (M.D. Ala. 1998).

*Travis Pruitt & Associates, P.C. v. Hooper*, 277 Ga.App. 1 (2005)

*Howerton v. Harbin Clinic, LLC*, 776 S.E.2d 288 (Ga. Ct. App. 2015)

*Southtrust Bank of Georgia v. Parker*, 226 Ga.App. 292 (1997)

*Trimble v. Circuit City Stores, Inc.*, 220 Ga.App. 498 (1996)

*Newsome v. Cooper-Wiss, Inc.*, 179 Ga. App. 671 (1986)

Plaintiff reserves the right to rely upon or cite to other law as warranted, this list being only illustrative.

IV.    Elements of Damage under FLSA

   A. *Unpaid Overtime*:  Plaintiff is entitled to unpaid overtime under the FLSA in the amount of one and one half times her regular rate of pay for each hour worked in excess of 40 in each workweek.

   *Dollar Amount Claimed:*  To be determined at time of trial.

   *Authority:*  29 U.S.C. § 207, 215, 216.

   B. *Liquidated Damages*:  Plaintiff is entitled to recover an equal amount to her unpaid overtime as liquidated damages.

   *Dollar Amount Claimed:*  To be determined based on amount of unpaid overtime found at trial.

   *Authority:*  *29 U.S.C. § 216*

   C. *Attorney's Fees*:  Plaintiff is entitled to recover her reasonable attorney's fees and costs.

   *Dollar Amount Claimed:*  Plaintiff's counsel will submit a timely fee petition itemizing her fees and costs post-judgment.

   *Authority:*  *29 U.S.C. § 216*

V.    Elements of Damage under Title VII

   A.    *Back pay and benefits:* Plaintiff is entitled to lost wages under Title VII from the time of the adverse employment action challenged until the time of trial.

*Dollar amount claimed:  To be determined at time of trial.*

*Authority: <u>42 U.S.C. § 2000e-5(g)</u>*

B.      *<u>Compensatory damages</u>*: Plaintiff is entitled to compensatory damages for the nonpecuniary consequences of Defendants' unlawful treatment, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.  This amount is subject to applicable statutory caps.

*Dollar amount claimed:* The amount of compensatory damages will be determined by the jury. Plaintiff will seek the maximum permissible under law.

*Authority:*  42 U.S.C. § 1981a(b)(3)

C.      *Punitive damages*: Punitive damages are available as a remedy for violations of Title VII. Punitive damages are appropriate where an employer acts with malice or with reckless indifference to an employee's federally protected rights, as demonstrated by either an evil intention to deprive the employee of her rights or a conscious indifference to those rights. It is not necessary for a plaintiff to show egregious or outrageous discrimination to warrant a punitive damages award where an employer proceeds in the face of a perceived risk that its actions (or in this case, inactions) will violate federal law. Lack of ill will on the part of management is insufficient to bar punitive damages. Punitive damages are awarded to punish wrongdoers and deter future wrongdoing. There is no simple mathematical formula as to the ratio of punitive damages to compensatory damages. The ratio may be higher if  a particularly egregious act has caused only a small amount of economic damages; where an injury is hard to detect; or where the monetary value of non-economic harm is difficult to determine. Compensatory and punitive damages under Title VII are subject to applicable statutory caps.

*Dollar amount claimed:* The amount of punitive damages will be determined by the jury. Plaintiff will seek the maximum permissible under law.

*Authority:* 42 U.S.C. § 1981a(b)(1)

*Kolstad v. American Dental Assoc.*, 527 U.S. 526 (1999)

*Alexander v. Fulton County*, 207 F.3d 1303, 1337 (11th Cir. 2000)

*EEOC v. W&O, Inc.,* 213 F.3d 600, 611 (11th Cir. 2000)

D.    *Attorneys' fees and expenses*: Prevailing Title VII plaintiffs are entitled to recovery of reasonable attorneys' fees and  other costs of litigation.

*Dollar amount claimed:* Plaintiff's counsel will provide an accounting of these costs post-judgment.
*Authority:*

42 U.S.C. § 2000e-5(k)

42 U.S.C. § 1981a

E.    *Prejudgment interest*: Plaintiff is entitled to prejudgment interest on all sums recovered.

*Dollar amount claimed:* To  be  determined depending on date and amount of recovery.

*Authority:*

*Castle v. Sangamo Weston, Inc.,* 837 F.2d 1550 (11th Cir. 1988)

*Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094 (11th Cir. 1987)

36

F.   *Equitable relief:* Under Title VII, a plaintiff can receive reinstatement or front pay in lieu of reinstatement. Courts have considered two years to be a reasonable front pay award.

  *Dollar amount claimed*:  To be determined at trial.

  *Authority*:

  *Pollard v. E.I. DuPont deNemours & Co.*, 532 U.S. 843 (2001)

  *Armstrong v. Charlotte County Bd. of Commrs.*, 273 F. Supp. 2d 1312 (M.D. Fla. 2003).

VI.   Elements of Damage under State Law

  For Defendant Pye Cars's negligent supervision and retention of Greg Flower, and for battery and intentional infliction of emotional distress, Plaintiff seeks the following:

A.   *Compensatory damages*: Compensatory damages are available for Plaintiff's state-law claims.

  *Dollar amount claimed: The amount of compensatory damages will be determined by the jury. Plaintiff will seek the maximum permissible under law.*

  *Authority:*

  O.C.G.A. § 51-12-12

  O.C.G.A. § 51-12-5

  *Overground Atlanta, Inc. v. Dunn*, 191 Ga. App. 188 (1989)

B.   *Punitive damages*: Punitive damages may be awarded only in tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise

the presumption of conscious indifference to consequences. They are limited to $250,000 for torts absent clear and convincing evidence of a specific intent to cause harm, in which case they are unlimited. Plaintiff will establish specific intent.

*Dollar amount claimed:* The amount of punitive damages will be determined by the jury. Plaintiff will seek the maximum permissible under law.

*Authority:*

O.C.G.A. § 51-12-5

O.C.G.A. § 51-12-5.1

*Aldworth Co., Inc. v. England*, 286 Ga. App. 1 (2007)
*Woodbury v. Whitmire*, 246 Ga. 349 (1980)

C.  *Attorneys' fees:* Attorneys' fees and costs may also be available under state law.

*Dollar amount claimed:*  Plaintiff's counsel will provide an accounting of these costs post-judgment.

*Authority:*

O.C.G.A. § 13-6-11

*Woodbury v. Whitmire*, 246 Ga. 349 (1980)

Plaintiff relies on the general law of Georgia with regard to the doctrines of negligence, respondeat superior, vicarious liability, agency, ratification, and assumption of duty.  *See, e.g., Travis Pruitt & Associates, P.C. v. Hooper*, 277 Ga.App. 1 (2005).

VII.  Specification of Negligent Acts

The negligent acts of Defendant Pye Cars about which Plaintiff complains under state law include retaining and failing to supervise Mr. Flower after it knew or should have known of his propensity to engage in sexual harassment of female employees. In a cause of action for negligent retention, "an employer may be held liable only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's 'tendencies' to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff." *Metropolitan Atlanta Rapid Transit Authority v. Mosley*, 280 Ga.App. 486, 489 (2006).

In addition, the negligent acts of Defendant Pye Cars about which Plaintiff complains under federal law include its failure to prevent sexual harassment even though it had knowledge of Greg Flower's propensity to engage in sexual harassment.

## ATTACHMENT "D"

## Outline of the Case Submitted by Defendants

I.      Factual Outline

Ms. Johnston was initially employed as a receptionist at Pye Honda on August 31, 2017.  Her rate of pay as a receptionist was $9.00 per hour and never changed throughout her employment.  On or about November 5, 2018, Ms. Johnston was transferred to a receptionist position at Pye Kia, an adjacent dealership.  She replaced a receptionist who had left the employment of Pye Kia.

At the time of her transfer to Pye Kia, she began working with Greg Flower, a salesman at the Kia Dealership.

At the time of her employment with Pye Honda, Ms. Johnston had medical benefits which carried over to her transfer to Pye Kia.  Ms. Johnston was an insulin dependent diabetic.  During open enrollment, she had selected a high deductible plan which did not afford coverage for medications she had been taking.  The benefits offered at Pye Kia were administered by Georgia Benefit Counselors ("GBC").  The customer services representatives at GBC explained to Ms. Johnston the plan she selected did not afford coverage for certain medications and she would have to wait until the next enrollment period to change her coverage. Ms. Johnston was so abusive to the GBC representatives that they complained to

GBC President Anita Horton.  Ms. Horton made an attempt to work with Ms. Johnston, and received a similar amount of abuse.  Ms. Horton then contacted Kim Gaston, the Chief Financial Officer of both Pye Honda and Kia.  Ms. Gaston was humiliated to learn one of her employees would treat the Plan Administrator so badly and was concerned about maintaining the relationship with GBC.  Ms. Gaston contacted Operations Manager Greg Black and instructed him to meet with Ms. Johnston and terminate her employment.

A meeting took place with Ms. Johnston the afternoon of March 22, 2018 in Mr. Black's office.  Mr. Black requested Margaret Buttram to attend the meeting. Ms. Buttram had become Ms. Johnston's supervisor earlier that Month.  When Mr. Black advised Ms. Johnston her employment would be terminated, she inquired whether the termination was because she had made a sexual harassment complaint against Greg Flower.  Mr. Black excused himself from the meeting and contacted Ms. Gaston.  A decision was made to proceed with Ms. Johnston's termination, and Mr. Black interviewed Greg Flower.  Mr. Flower's employment was also terminated on March 22nd.

Until Ms. Johnston articulated her claim of sexual harassment at the March 22, 2018 termination meeting, neither Mr. Black nor Ms. Gaston had any knowledge of the claim.

With regard to her employment and its termination, Ms. Johnston has made claims against Defendant Pye Cars of Dalton, Inc. for hostile work environment and retaliation under Title VII of the Civil Rights Act, and pendant state claims for negligent retention and intentional infliction of emotional distress.  In addition, Ms. Johnston claims that during her employment at Pye Kia beginning in November, 2017, she had been instructed on occasion by senior management to clock out for lunch, and remain at her receptionist desk if no one was available to relieve her. The Defendants have stipulated that at all times during her employment at either Pye Honda or Pye Kia, Ms. Johnston was not exempt from the minimum wage and overtime provisions of the Fair Labor Standards Act.

II.     <u>Relevant Rules, Regulations, Statutes, Ordinances, and Illustrative Case Law Statutes</u>

- The Fair Labor Standards Act, <u>29 U.S.C. §§ 201</u> et. seq.

- Title VII of the Civil Rights Act of 1964, as amended, <u>42 U.S.C. § 2000e</u> et. seq.

<u>Cases</u>

A.   Failure to Adhere to an Employer's Harassment Policy.

   *Faragher v. City of Boston*, <u>524 U.S. 775, 788</u> (1998).

   *Howard v. City of Robertsdale*, 168 F. App'x  883, 887 (11th Cir. 2006).

B.   Sexual Harassment Must be Severe and Pervasive.

   *Webb-Edwards v. Orange Cty. Sheriff's Office*, <u>525 F.3</u>[rd] 1013 (11 Cir.

   2008).

C.   Protected Activity Must Be the "But-For" Cause of Termination.

   *Cotton v. Cracker Barrel Old Country Store, Inc.*, <u>434 F.3d 1227, 1232</u> (11th

   Cir. 2006).

D.   State Law Standard for Condoning Harassment.

   *Favors v. Alco Mfg. Co.*, <u>186 Ga. App. 480</u>, <u>367 S.E.2</u>d. 328 (1988).

## ATTACHMENT E

## Facts Stipulated by the Parties

The parties stipulate to the following facts:

1.  Melanie Johnston ("Ms. Johnston") was hired as a receptionist at Pye Honda on or about August 31, 2017.

2.  Ms. Johnston's rate of pay when hired was $9.00 per hour.

3.  Ms. Johnston's rate of pay remained at $9.00 per hour throughout her employment.

4.  Not long after her hire at Pye Honda, Ms. Johnston was transferred to Pye Kia to replace the receptionist who worked there.

5.  Throughout her employment, Ms. Johnston was entitled under the FLSA to receive from Defendants overtime premium pay at one and one half times her regular rate for all hours worked over 40 hours each workweek.

6.  Overtime premium pay for Ms. Johnston would have been 1.5 times her hourly rate of pay of $9.00, which was $13.50 per hour.

7.  Ms. Johnston was entitled to receive the sum of $13.50 for each hour over 40 hours she worked in a workweek.

8.  When Ms. Johnston transferred to Pye Kia, her work area was near the work area of Kia Parts Manager David Hancock.

9.  Ms. Johnston began working in the same location as Kia Salesman Greg Flower in approximately November, 2017.

10. Ms. Johnston was discharged by Pye Kia on the afternoon of March 22, 2018.

11. Kim Gaston made the decision to terminate Ms. Johnston's employment and instructed Greg Black, the operations manager for both Pye Honda and Pye Kia, to inform Ms. Johnston of that decision.

12. Margaret Buttram, an office manager for Pye Kia, was present at the time of the discharge.

13.  Mr. Black informed Ms. Johnston her employment was being terminated because she allegedly got angry on the phone with Anita Horton, the principal at Georgia Benefit Counselors, when they spoke regarding insurance coverage under Pye Kia's group plan for her necessary insulin medication.

14.  Ms. Johnston asked Mr. Black whether her termination was due to the multiple complaints of sexual harassment she had made regarding Greg Flower.

15.  Prior to her discharge, no one from Pye Kia or Pye Honda had ever raised any concerns with Ms. Johnston or disciplined her in any manner regarding how she spoke with or treated Anita Horton or any of her staff.

16.  The Georgia Department of Labor Separation Notice given to Ms. Johnston stated her employment had been terminated for "lack of work."

The parties will work together to determine if there are any additional facts to which they are able to stipulate prior to trial.

**ATTACHMENT F-1**

**<u>Plaintiff's Witness List</u>**

<u>Will Call</u>
    1.  Melanie Johnston

<u>May Call</u>
    1.  Johnny Pye
    2.  Kim Gaston
    3.  Jeff Middlebrooks
    4.  Greg Flower
    5.  Jessica Chastain
    6.  Bill Reed
    7.  Gene Roberts
    8.  David Hancock
    9.  Michael Autry
    10. Alicia Chandler
    11. Tonya Ellenwood
    12. Stephanie Johnston

**ATTACHMENT F-1A**

**Defendants' Objections to
<u>Plaintiff's List of Witnesses</u>**

Defendants object to Plaintiff's "may call" witnesses Tonya Ellenwood and

Alicia Chandler pursuant to <u>Fed. R. Evid. 403</u>.

**ATTACHMENT F-2**

**Defendants' Witness List**

**Will Call:**   Kim Gaston

              Greg Black

**May Call**:   Melanie Johnston

              Jeff Middlebrooks

              Greg Flower

              Jessica Chastain

              Bill Reed

              David Hancock

              Michael Autry

              Anita Horton

              Margaret Buttram

**ATTACHMENT F-2A**

**<u>Plaintiff's Objections to Defendants' Witness List</u>**

Plaintiff has no objections to Defendants' Witness List.

**ATTACHMENT G-1**

**Plaintiff's Exhibit List**

| EXHIBIT NO. | DESCRIPTION | BATES NOS. | |
|---|---|---|---|
| 1 | Melanie Johnston's Time Cards | Pye 105-121, 148-156, 244 | |
| 2 | Payroll Records | Pye 215-243 | |
| 3 | Melanie Johnston's Separation Notice | | |
| 4 | | | |
| 5 | | | |

Plaintiff reserves the right to identify other exhibits in a timely manner prior to

trial.

**ATTACHMENT G-1A**

**<u>Defendants' Objections to Plaintiff's Exhibit List</u>**

Defendants stipulate to both the authenticity and admissibility of Plaintiff's

Exhibits 1, 2  and 3.

## ATTACHMENT G-2

## Defendants' Exhibit List

| EXHIBIT NO. | DEPOSITION EXHIBIT NO. | DESCRIPTION | BEG. BATES | END BATES | MARKED | OFFERED | OBJECTION | ADMITTED |
|---|---|---|---|---|---|---|---|---|
| 1 | | Dealership Harassment Policy signed by Ms. Johnston on August 31, 2017 | Pye 000018 | Pye 000018 | | | | |
| 2 | | Transcript of audio recording of a telephone conversation Between Kim Gaston and Melanie Johnston | Pye 000059 | Pye 000100 | | | | |
| 3 | | Text messages exchanged between Ms. Gaston and Ms. Johnston | Pye 000101 | Pye 000103 | | | | |
| 4 | | ADP Payroll Report for the period September 3, 2017 through March 22, 2018 | Pye 000215 | Pye 000243 | | | | |
| 5 | | Harassment Policy Posting - Honda | Pye 000245 | Pye 000245 | | | | |
| 6 | | Harassment Policy Posting - Honda | Pye 000246 | Pye 000246 | | | | |
| 7 | | Harassment Policy Posting - Kia | Pye 000247 | Pye 000247 | | | | |

| 8 | | Harassment Policy Posting - Kia | Pye 000248 | Pye 000248 | | | | |
| 9 | | Johnston Timecards Honda 8/31/17-9/3/17 | Pye 000244 | Pye 000244 | | | | |
| 10-18 | | Johnston Timecards Honda 9/5/17-11/3/17 | Pye 000148 | Pye 000156 | | | | |
| 19-35 | | Johnston Timecards Kia 11/3/17- 3/3/18 | Pye 000105 | Pye 000121 | | | | |

**ATTACHMENT G-2A**

**<u>Plaintiff's Objections to Defendants' Exhibit List</u>**

- Exhibits 2 & 3:  Objection based on FRE 801/Hearsay.

- Exhibits 5-8:  Plaintiff objects to these proposed exhibits as they were not identified or produced in discovery or in Defendants' initial disclosures.