IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MELANIE JOHNSTON,

                    Plaintiff,

v.

PYE CARS OF DALTON, INC.
and LIONEL F. PYE, JR. aka
"JOHNNY PYE",

                    Defendants.

CIVIL NO. 4:19-cv-00126-WEJ

**PLAINTIFF MELANIE JOHNSTON'S BRIEF IN SUPPORT OF
HER MOTION FOR AN AWARD OF
HER REASONABLE ATTORNEYS' FEES**

Plaintiff Melanie Johnston ("Plaintiff" or "Ms. Johnston") hereby requests, pursuant to F.R.C.P. 54(d)(2) and other applicable law, that the Court order Defendant Pye Cars of Dalton, Inc. ("Defendant" or "Pye Cars") to pay Plaintiff the attorney's fees she reasonably expended in obtaining relief in this case. Having obtained a favorable jury verdict on three of her claims and a favorable settlement on a fourth, she is deemed the prevailing party for purposes of awarding fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k), the Fair Labor Standards Act, 29 U.S.C. § 216(b), and other applicable law. Accordingly, and for the reasons set forth in more detail below, Plaintiff respectfully requests that the Court award her Two Hundred Twenty Thousand One Hundred Thirty-Five Dollars and No Cents ($220,135.00) in attorneys' fees incurred through August 5, 2021, plus fees

anticipated to be incurred through final briefing of this Motion, which will be submitted on the date Plaintiff submits her reply brief or on such other schedule as this Court might direct.[1]

## I.    INTRODUCTION

Plaintiff Melanie Johnston's jury verdict against Pye Cars of Dalton, Inc. is the culmination of over three years of effort by her attorneys.  Plaintiff engaged Lisa D. Taylor of Durham Taylor LLC and John T. Stembridge of Stembridge Law LLC[2] to represent her in April 2018 immediately following her termination.  In the course of representing Ms. Johnston, her counsel assisted Ms. Johnston with filing and pursuing her required Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), filing a federal lawsuit, conducting written discovery, preparing for and defending Ms. Johnston's deposition and preparing for and conducting the depositions of Anita Horton, Gregory Black, Jessica Chastain, and Kimberly Gaston, and analyzing and reviewing hundreds of pages of documents and testimony obtained during the fact-investigation and discovery process.   Ms. Johnston's counsel also negotiated and oversaw the documentation (settlement agreement and motion for approval of same) of a

---

[1]    Attorneys should also be compensated for the time reasonably expended in seeking an award of fees. *Jonas v. Stack*, 758 F.2d 567 (11th Cir. 1985); *Johnson v. Coll. Of Univ. of Ala. Birmingham*, 706 F.2d 1205, 1207 (11th Cir. 1983). Plaintiff's counsel therefore includes here the hours billed through August 5, 2021 and will later supplement her request with the actual fees incurred through filing her reply in support of this Motion.  Plaintiff estimates the additional fees to be in the range of $4,000-5,000, representing approximately ten (10) hours of work.

[2]    Durham Taylor LLC and Stembridge Law LLC merged to form Stembridge Taylor LLC in January 2021.

settlement of her claims for unpaid overtime and liquidated damages under the Fair Labor Standards Act ("FLSA").  Finally, Ms. Johnston and her counsel prepared for and participated in a three-day jury trial. The time records submitted with this Motion, and the declarations of Ms. Johnston's attorneys, reflect those efforts and attest to the necessity and reasonableness of the time devoted and the rates requested.[3]

Employment cases are difficult to bring and very difficult to win: many are lost at summary judgment; others are lost at trial; and still more are lost on appeal. Most plaintiffs, like Ms. Johnston in this case, cannot pay their attorneys by the hour, and their quantifiable or recoverable damages (given statutory caps) are often easily surpassed (as here) by the cost of even a simple litigation process.  As such, their counsel must take on enormous risk to prosecute these cases on a contingent-fee basis. Because the EEOC can litigate only a very small percentage of the charges of discrimination that it receives, the private plaintiff's bar is by far the most important mechanism for enforcing federal employment laws. To ensure the availability of competent counsel to pursue claims on behalf of victims of civil rights and labor-law violations like Ms. Johnston, most federal employment laws, including Title VII and the FLSA, provide for an award of attorney's fees and costs to a prevailing plaintiff.

---

[3]     Plaintiff's counsels' itemized time entries are attached hereto as **Exhibit A**. The Declaration of Lisa D. Taylor is attached hereto as **Exhibit B**. The Declaration of John T. Stembridge is attached hereto as **Exhibit C**, and the Declaration of Holly Pierson (trial consultant) is attached hereto as **Exhibit D**.

## II.   PROCEDURAL HISTORY

Ms. Johnston located and retained counsel within a month after her March 22, 2018 termination from Pye Cars and, with the assistance of her counsel, filed a Charge of Discrimination with the EEOC on May 30, 2018.  The EEOC initially referred the Charge to its mediation division and extended invitations to mediate to both parties in July 2018.  Plaintiff's counsel had multiple communications with the assigned mediator, but for at least several months, the EEOC received no response from Defendant.[4]

By December 2018, Pye Cars, through its then-retained counsel,[5] began engaging in discussions with both the EEOC and Plaintiff's counsel.  After attempts at scheduling mediation were unsuccessful, Pye Cars contested the facts presented in the Charge both informally through email and telephone communications with Johnston's counsel, and through the filing of a position statement, which included 28 pages of factual and legal argument and six (6) exhibits.  As a part of that process, Pye Cars not only adamantly denied liability on Plaintiff's claims of sexual harassment and retaliation, but also accused Plaintiff of failing to report accurately the hours she worked during her employment and threatened, through its counsel, that if she were to pursue her Title VII claims in court, Pye Cars would counterclaim against her based on these false and unsubstantiated allegations.[6]   Thus, Plaintiff's

---

[4]   See Emails between Plaintiff's Counsel and the EEOC Mediation Division, attached to Exhibit B as **Exhibit B-1.**

[5]   Pye Cars was represented before the EEOC by attorneys from the Atlanta law firm Bondurant, Mixson and Elmore.  Pye Cars's trial counsel, Patrick White, did not appear in the case until the Complaint was filed in this Court.

[6]   As examples of these communications, emails exchanged between

representation through the EEOC investigatory proceedings included research into and evaluation of the legal ramifications of Defendant's threats, including a supplemental retaliation claim, and additional communications with the EEOC about them.

The EEOC issued Ms. Johnston a right-to-sue letter on March 20, 2019. She then filed a timely complaint in the United States District Court for the Northern District of Georgia on June 18, 2019, asserting claims against Defendant for sexual harassment and retaliation in violation of Title VII, as well as state-law claims for intentional infliction of emotional distress, battery, and negligent retention, and a claim for unpaid overtime under the FLSA. [Doc. 1.]

The parties conducted discovery over the period between October 2019 and July 2020.  Discovery included written requests and responses, follow-up regarding same, as well as the deposition of the Plaintiff and the depositions of four defense witnesses – Kim Gaston, Greg Black, Jessica Chastain, and Anita Horton.  Throughout discovery, Plaintiff also conducted additional factual investigation on her own in order to ensure she would be well prepared for trial.

Defendant did not file any motion for summary judgment, so the parties submitted their Consolidated Proposed Pretrial Order on October 22, 2020.  On November 5, 2020, the parties consented to the jurisdiction of Magistrate Judge Johnson, and on December 15, 2020, a jury trial was scheduled for May 17, 2021.

---

Plaintiff's counsel and Defendant Pye Cars's attorneys from the Bondurant firm are attached to Exhibit B as **Exhibit B-2.**

The parties engaged in very little discussion of settlement throughout the litigation. As mentioned above, efforts to engage in mediation at the EEOC stage were unsuccessful. The prospect of settlement discussions was not raised again until after discovery closed in late summer 2020, when defense counsel suggested to Plaintiff's counsel that she submit an offer to resolve the FLSA claims alone. Having evaluated the status of the case as a whole in connection with that invitation, Plaintiff opted instead to submit to Defendant a global settlement offer, based on the belief that it would be more efficient to resolve the entire case given that the fees incurred in pursuing the FLSA claim were closely intertwined with any fees incurred on her other claims.[7] Plaintiff submitted that offer, requesting a total payment of $120,000 in exchange for dismissal with prejudice and a full general release, on September 28, 2020. Having received no response by early November, and the parties having by then submitted their Proposed Consolidated Pretrial Order, Plaintiff's counsel followed up with defense counsel, pointing out that the fees would increase rapidly as soon as trial preparations began.[8] Receiving no substantive response, Plaintiff then submitted a settlement offer specific to the FLSA claim on November 20, 2020.[9] Plaintiff again received no response.

As trial became more imminent, the parties re-engaged discussions about the possibility of settlement in April 2020.[10] Plaintiff's counsel pointed out, once again, that Ms. Johnston's fees were about to increase drastically.

---

[7]     A copy of that communication is attached to Exhibit B as **Exhibit B-3.**

[8]     A copy of that communication is attached to Exhibit B as **Exhibit B-4.**

[9]     A copy of that communication is attached to Exhibit B as **Exhibit B-5.**

[10]    A copy of the series of communications that took place regarding settlement in April 2021 leading up to the May 2021 trial is attached to Exhibit B as **Exhibit B-6.**

Defense counsel indicated that he was hoping to get authority from his client to make an offer, but no offer was ever made.

Finally, it appearing that trial would proceed as scheduled, Plaintiff's counsel broached with the defense again during the week preceding trial the idea of resolving separately the FLSA claim, and an agreement to resolve that claim was reached on May 13, 2021.  This Court's approval of that settlement followed trial on June 15, 2021.  [Doc. 91]

Trial proceeded as scheduled and lasted three days, ending in a jury verdict for the Plaintiff on her claims for sexual harassment and negligent retention (premised on the underlying tort of intentional infliction of emotional distress).  In order to ensure proper preparedness for a federal jury trial involving the important civil rights issues presented in this case, Plaintiff's counsel worked almost exclusively on this case alone for at least the week or more leading up to and the week of trial, working seven (7) days a week for often most of every waking hour.[11]  During the week of trial, Plaintiff's counsel attended trial during the day, then continued further preparations until well into the night.  Ultimately, those efforts proved worthwhile, as the jury found in favor of Plaintiff and awarded a total of $400,000 in compensatory and punitive damages, which was subsequently reduced to $150,000 upon application of Title VII's statutory caps.  [Docs. 86, 92.]  Final judgment was entered in that amount on June 15, 2021, and this timely motion for an award of fees followed.[12]

---

[11]    As referenced above, counsel's detailed billing records are included in the spreadsheet submitted with this Brief as Exhibit A.  Those records reflect billing entries every day in the month of May leading up to the May 17 trial, some in excess of 10+ hours.
[12]    Pursuant to the Court's instructions, the parties attempted, through counsel,

to reach an agreement regarding the amount of Plaintiff's fee recovery, but those efforts failed.  According to defense counsel, Defendant gave him authority to offer just $50,000, less than 25% of Plaintiff's fees actually incurred (*see* Taylor Dec. Exh. B ¶ 18.)

### III.   ARGUMENT AND CITATION OF AUTHORITY

As the victor on her claims under Title VII (by jury verdict) and the FLSA (by settlement), Ms. Johnston is the prevailing party. She is therefore entitled to an award of her reasonable attorney's fees under the fee-shifting provisions of those statutes, 42 U.S.C. § 2000e-5(k) and 29 U.S.C. § 216. The reasonableness of attorney's fees under both statutory schemes is determined via the "lodestar" method: *i.e.*, the attorney's reasonable hourly rates multiplied by the number of hours they reasonably devoted to the representation. As Ms. Johnston shows below, supported by the declarations of her own counsel and of well-reputed counsel who practice in the same area, the time her counsel invested in this case was reasonable, and in fact, necessary to achieving victory at trial. Ms. Johnston also shows through the same declarations that her attorneys' hourly rates are reasonable because they are in keeping with the rates charged by similarly experienced attorneys in the legal community of the Northern District of Georgia for similar work. Counsel also exercised billing judgment to remove excessive, redundant, or otherwise unnecessary hours. (*See* Declaration of Lisa D. Taylor, Exhibit B, ¶ 11; Declaration of John T. Stembridge, Exhibit C, ¶¶ 13-14.) Plaintiff therefore requests attorneys' fees in the amount of $220,135.00 for the work of her attorneys and paralegal at Stembridge Taylor LLC and their trial consultant.

### A.    Plaintiff is the Prevailing Party

Prevailing on "any significant issue in the litigation which achieves some of the benefit the part[y] sought in bring[ing] suit" compels characterization of that party as the prevailing party. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 109 S. Ct. 1486, 1493 (1989) (quoting *Nadeau v. Helgemoe*,

581 F.2d 275, 278-79 (1st Cir. 1978)). "[A]t minimum, to be considered a prevailing party . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Hewitt v. Helms*, 482 U.S. 755, 760 (1987).  Since Ms. Johnston prevailed on two of the three claims she brought to trial, as well as her FLSA claim via settlement, there is no reasonable basis to dispute that Ms. Johnston is a prevailing party.

Because Ms. Johnston is a prevailing party entitled to attorney's fees and costs under the statutes under which she prevailed, the lodestar methodology applies to determine the reasonable fees she should recover. *Penn v. Delaware Valley Citizens Council*, 478 U.S. 546, 565 (1986) (explaining that the "strong presumption that the lodestar figure . . . represents a 'reasonable' fee is wholly consistent with the rationale behind the usual fee-shifting statute"); *Walters v. City of Atlanta*, 652 F. Supp. 755, 757-58 (N.D. Ga.1985); *see also Christ Liberty Family Life Ctr. v. City of Avondale Estates, Ga.*, Civil Action No. 1:10–CV–2326–CAP, 2013 WL 1896311, *5 (N.D. Ga. March 29, 2013) ("[T]here is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve.") (quoting *Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008)). The lodestar amount is determined by multiplying a reasonable hourly rate by the hours reasonably expended and then accounting for other considerations that may require an enhancement or reduction of the fee. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). The standard of reasonableness in determining the amount of attorney's fees is to be given "liberal interpretation." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1191-92 (11th Cir. 1983).

**B.     The Time Plaintiff's Attorneys Invested in this Matter was Reasonable and Necessary to Achieve Victory**

### 1.     The Time Recorded

In determining whether counsel expended a reasonable amount of time on a case, courts look first to the time the attorneys expended as reflected in their time records. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The time for which attorneys should be compensated includes not just time spent on the litigation, but also the time "spent on administrative proceedings to enforce the civil rights claim prior to the litigation." *North Carolina Dept. of Transp. V. Crest Street Community Council, Inc.*, 479 U.S. 6, 15 (1986).  During their more than three years spent representing Ms. Johnston, her attorneys devoted the following time to the case through August 5, 2021: 314.4 hours for Lead Counsel Lisa D. Taylor; 154.3 hours for co-counsel John T. Stembridge; 42.2 hours for paralegal Victoria Engleman; and approximately 8 hours for trial counsel/consultant Holly Pierson.

As to the reasonableness of the time recorded, it is axiomatic that counsel must exercise "billing judgment" in determining the hours reasonably expended on the merits; however, counsel's certification that the work itemized has, in fact, been performed is "entitled to considerable weight on the issue of time required . . ." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). In fact, because counsel's sworn testimony is of such importance, in order for the time to be reduced, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Perkins*, 847 F.2d at 738.

In support of this motion, Ms. Johnston's attorneys have each submitted declarations detailing their work on the case, attesting that they contemporaneously recorded their time, and stating that, in their professional judgment, the time they spent was reasonable and necessary to the case (*See* Attachments B, C and D.) Counsels' hours represent a specific division of labor[13] and were reduced for any time that could be construed as "excessive, redundant, or inefficient." *Id.*; *see also In Re Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. 297, 354 (N.D. Ga. 1993).

Before submitting this motion, Ms. Taylor reviewed each time entry for herself and Mr. Stembridge, for their paralegal Ms. Engleman, and for their trial consultant Ms. Pierson, to ensure that they had exercised sound billing judgment when allocating and recording their time. (*See* Declaration of Lisa D. Taylor, Exh. B, ¶¶ 11-12.) Ms. Taylor removed from the billing statement any entries she felt were duplicative or which reflected hours not reasonably necessary for the effective representation of the Plaintiff, of which there were very few because Ms. Taylor, Mr. Stembridge, and Ms. Engleman practice law very efficiently and keep real time records of their time in all matters. (*Id.* at ¶11.)   In light of this diligence, and as affirmed by neutral third-party declarant Cheryl Legare, an experienced attorney who dedicated her practice to representing plaintiffs in employment-law matters within the Northern District of Georgia (*see* Exh. E), the time recorded by Plaintiff's counsel is extremely reasonable.

---

[13]     "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the unique contributions of each lawyer." *Norman*, 836 F.2d at 1302.

### 2. The Court Should Award all of the Hours Requested.

In addition to considering the declarations of counsel and legal experts, the Court may (but is not obligated to) consider any or all of the factors set forth in *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1979) (abrogated to extent that contingent-fee arrangement does not affect the lodestar calculation);[14] *see also Hensley*, 461 U.S. at 424; *Norman*, 836 F.2d at 1299; *Loranger v. Stierheim*, 10 F.3d 776, 781 & n. 6 (11th Cir. 1994) (citing with approval the *Johnson* "factors that district courts should balance in fashioning fee awards" although noting that the *Johnson* "balancing test has since been displaced by the lodestar formula . . . [for use] in establishing a reasonable hourly rate"). The *Johnson* court identified four relevant factors: the time and labor required, the novelty and difficulty of the case, the amount involved and the result obtained, and the skill of the attorneys required to perform the legal service properly.  Although it is not necessary for all four factors to lean in favor of the Plaintiff for all fees submitted to be awarded, they do all weigh in Plaintiff's favor here and supply further reason, in addition to the testimony of her counsel discussed above, that Ms. Johnston be awarded all of the time her counsel have invested in this case. *See, generally, Norman*, 836 F.2d at 1299-1302.

### a. Time and Labor Required

Ms. Johnston's attorneys submitted declarations attesting that the time they spent on the case was: (a) recorded contemporaneously, and (b) reasonable

---

[14]     Fifth Circuit decisions issued prior to September 30, 1981 are binding on courts within the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

and necessary to the representation. (*See* Exhs. B and C.) Throughout most of the time the case was pending, attorney Lisa Taylor handled virtually all of the work that needed to be performed to represent Ms. Johnston well.  Ms. Taylor alone handled all aspects of the EEOC phase, the pleadings, and discovery, though she kept Mr. Stembridge informed of the case's progress throughout that time and consulted him on important litigation strategy decisions.  As trial approached, Mr. Stembridge became more involved, as both attorneys knew that trying the case would take an immense amount of work and require "all hands on deck" in their two-attorney firm.  Even as to trial, though, Mr. Stembridge and Ms. Taylor divided duties in a matter that ensured all necessary tasks were completed well and in a timely manner, including their consultation with Ms. Pierson, but without duplication of efforts.  The time records attached as Exhibit A reflect this efficient division of labor throughout the entire case.

Defendant may contend that the amount of time and labor put into the case should be reduced because the retaliation claim was ultimately unsuccessful at trial, so that any hours spent on litigating that claim were not "required."  Any such argument should fail, though, because when all of the separate legal theories set forth in a single case are derived from a common core of facts, disallowance or rejection of hours is unnecessary.  This is so even if the Plaintiff does not prevail on all claims, as long as the work performed on them was related and necessary to the successful claims. *Hensley*, 461 U.S. at 435 (explaining that where Plaintiff's "claims for relief will involve a common core of facts . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole making it difficult to divide

the hours expended on a claim-by-claim basis."). Thus, the computation of the hours should include time spent on all claims that arise out of the same course of conduct, even if a specific claim did not succeed.[15] *Davis v. Locke,* 936 F.2d 1208, 1214 (11th Cir. 1991); *Popham v. City of Kennesaw,* 820 F.2d 1570, 1578 (11th Cir. 1987); *see also R.W. v. Bd. of Regents of the Univ. Sys. of Ga.*, No. 1:13-CV-2115-LMM, 2016 WL 8607395, at *5 (N.D. Ga. June 7, 2016) (Martin, J.) (declining to deduct any attorney's fees from the lodestar for time spent on unsuccessful claims because all the claims were "based on a common core of facts and legal theories, which means that none of them should be excluded from the lodestar sum").

The Eleventh Circuit has taken an expansive view of whether claims are related by a common core of facts. "Because plaintiff's counsel is required to 'explore every aspect of the case, develop all the evidence and present it to the court,' courts have expansively treated claims as being related." *Popham*, 820 F.2d at 1579 (citations omitted). Where plaintiffs must fully develop the facts concerning their employment for the jury to evaluate the claim upon which they were ultimately successful, then the time spent developing those facts, even though also directed toward an unsuccessful claim, is compensable as reasonable attorney's fees. *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1137 (11th Cir. 1984). *See also R.W. v. Bd. of Regents of the Univ. Sys. of Ga.*, 2016 WL 8607395, at *5.

Here, all of Ms. Johnston's claims are intertwined with the same common

---

[15]     Indeed, it would impossible to parse from Plaintiff's counsel's records any time clearly spent *only* on the retaliation claim, as the facts underlying that claim were so closely intertwined with the others that any work performed was necessarily done for the benefit of the entire case.

nucleus of facts: she suffered sexual harassment by Defendant's employee Gregory Flower, Defendant was aware of the harassment and allowed it to continue despite her repeated complaints, Defendant was negligent in retaining Mr. Flower and in otherwise refusing to stop the harassment from occurring, and the harassment ended only when Defendant terminated Ms. Johnston's employment.

Accordingly, the issues and claims in this matter are so intertwined that all time spent developing the facts and litigating the case was necessary. *Carmichael*, 738 F.2d 1126, 1137 (11th Cir. 1984); *R.W. v. Bd. of Regents of the Univ. Sys. of Ga.*, 2016 WL 8607395, at *5. The former Fifth Circuit in *Johnson* stated that the district judge "should weigh the hours claimed against his own knowledge, experience, and expertise and the time required to complete similar activities." *Johnson*, 488 F.2d at 717. Conducting that analysis here, it is clear that the time and labor expended by Plaintiff's counsel were entirely reasonable to litigate and fully try this case to a jury, that no reduction is appropriate because all of her claims were intertwined, and that she should therefore be awarded reasonable fees for all of those hours her attorneys worked.

### b.    The Novelty or Difficulty of the Issues

While Ms. Johnston's claims did not present issues of first impression, the case, like all employment cases, was difficult and risky. Employment litigation requires specialized skill and is considered a complex area of practice. Plaintiff-side employment cases are considered especially difficult: there are only a handful of attorneys in Atlanta who, like Plaintiff's counsel, devote a significant amount of time to these cases and have developed

specialized skill and experience in the area.

Plaintiff's claims required her counsel to show that there was sexual harassment occurring at the Pye Kia dealership; that Pye Cars knew about the harassment; that Pye Cars refused to take any steps to stop the harassment and protect Ms. Johnston and that the harassment ended only when it fired her; that Pye Cars negligently retained the harasser throughout that time who, through extreme and outrageous conduct, intentionally inflicted emotional distress upon her; and that Pye Cars should be liable to Ms. Johnston and the jury should award her damages, among other things.  Plaintiff's counsel succeeded in proving every single one of these components, even with experienced counsel defending the case.

Many times, as here, cases take years to be completed, during which time witnesses disappear, memories fade, and often, the law changes. Thus, it is difficult to evaluate a potential claim from the very beginning, which creates considerable risk. Moreover, a tremendous expenditure of time is required not just to become familiar with the facts of a case and to identify the legal issues those facts implicate, but also to keep up with the ongoing changes in the law and the facts as they develop through discovery. In this particular case, the complexities of the law and the skills necessary to deal with them cannot be underestimated, given that Plaintiff prevailed on her claims against Defendant at trial. For these reasons, the Court should exercise its discretion in favor of a full award of all fees and costs.

## c. Results Obtained

The jury found in Plaintiff's favor on every claim presented to them, finding specifically that Defendant created a hostile work environment and negligently retained Mr. Flower while allowing him to intentionally inflict emotional distress upon her through his harassment. Under these circumstances, the ultimate determination to be made is the extent to which the plaintiff "prevailed." *Hensley*, 461 U.S. at 435. In addition, although the amount the jury awarded to Plaintiff is substantial, it is worth noting that the Supreme Court has soundly rejected the argument that attorney's fees must necessarily be in proportion to the amount of money recovered by the plaintiff, reasoning that the public benefit advanced by civil rights litigation is far more important than the dollar amount rewarded. *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1989).

It is also important to highlight the role of private enforcement of civil rights laws. It has been held that the public good is "most meaningfully served by the day-to-day private enforcement of [civil] rights, which secures compliance and deters future violations." *Quarantion v. Tiffany & Co.*, 166 F.3d 422, 426 (2nd Cir. 1999). In this case, Defendant intentionally discriminated against Plaintiff because of her sex. Its employees carried out these actions, and its management officials condoned them. The jury award to Plaintiff will deter future improper conduct by Defendant[16] and will

---

[16]   Indeed, during informal discussions with the jurors after they rendered their verdict and were released from service, the jurors specifically stated that they hoped the verdict they rendered, including but not limited to the amount of punitive damages awarded, would "send a message" to Pye Cars and incentivize the company to bring its policies and practices into compliance with

represent a "specific spill-over of benefits for non-parties," thereby buttressing the significance of the relief and an award of a full compensatory fee. *Popham*, 820 F.2d at 1580.

### d. Skills of the Attorneys

Plaintiff's attorneys have submitted declarations attesting to their experience and expertise in plaintiff's employment cases. Ms. Taylor and Mr. Stembridge each devote much or all their individual practices to employment law, including the representation of management and of individuals. They each have many years of experience as an attorney and advocate for employees and employers in civil rights cases.  As Judge Johnson stated to all counsel at the conclusion of the trial, this was a well-tried case on all sides.  The skill of the attorneys played a significant, if not determinative, part in that.

Thus, all four of the *Johnson* factors, should the Court consider them, weigh in favor of awarding Plaintiff all of the reasonable fees sought by her counsel in this case.  It was only upon investing the reasonable hours expended that Plaintiff's attorneys, who are skilled and experienced in employment law, achieved excellent results at trial, despite this being a difficult type of case to litigate.  Under all of the applicable lodestar standards, the time worked by Plaintiff's counsel was entirely reasonable and all hours billed should therefore be compensated.

### C.    Plaintiff's Attorneys' Rates are Reasonable

The lodestar "reasonable rate" is "based on reasonable standards in the community for attorneys of similar experience in handling similar cases." *In*

---

modern anti-discrimination laws.

*re Domestic Air Transp. Litigation*, 148 F.R.D. 297, 355 (N.D. Ga. 1993).
Applying the attorneys' *current* rates to *all* of the work done in the case, as
Plaintiff's counsel have done in their billing statements presented here,
"properly accounts for inflation and delay in receipt of payment …" *Id;
Missouri v. Jenkins*, 109 S. Ct. 2463, 2469 (1989) (referencing "an appropriate
adjustment for delay in payment -- whether by application of current rather
than historic hourly rates or otherwise"). Plaintiff requests her counsel be
awarded the following rates: Ms. Taylor, $450 per hour; Mr. Stembridge,
$450 per hour; paralegal Victoria Engleman, $125 per hour; Consulting Trial
Counsel Holly Pierson, ~$650 per hour (at a flat consultancy fee of $5,000).

No discount of the rates is justified, and Defendant cannot show that
these rates are in any manner unreasonable.  However, should the Court
consider any of the optional *Johnson* factors pertaining to rates --
customary fee; the experience, reputation and ability of the attorneys; the
undesirability of the case; preclusion of other employment; and the nature
and length of the professional relationship with the client -- they each will
favor awarding the rates Plaintiff's counsel request.

### 1.    The Customary Fee

Under fee shifting statutes, reasonable hourly rates are the prevailing
market rates "in the relevant community." *Blum v. Stenson*, 465 U.S. 886,
895 (1984). The relevant community is ordinarily defined as the locale where
the case was filed. *Cullens v. Ga. Dep't of Transp.,* 29 F.3d 1489, 1494 (11th
Cir.1994). As stated in the declarations of Plaintiff's counsel and the
Declaration of Cheryl A. Legare (Exhibit E) the rates requested in this case
are well within the range of reasonable rates for attorneys with their

experience and expertise in the Northern District of Georgia.

### 2.     The Experience, Reputation and Ability of the Attorneys

In assessing a reasonable hourly rate for Plaintiff's counsel, this Court must evaluate the attorneys' "knowledge of trial practice and knowledge of the substantive law." *Norman*, 836 F.2d at 1301. The experience, reputation and ability of the lawyers is set forth in counsel's declarations. *See* Exhibits B, C, D, E. Plaintiff's counsels' collective experience includes over forty combined years' experience (not including trial consultant's experience) devoted to employment litigation and individual skills developed in years of employment and other litigation work.

### 3.     The Undesirability of the Case

Courts have recognized that civil rights and employment cases are undesirable and thus warrant payment of a higher fee in order to attract competent counsel. *Johnson*, 488 F.2d at 719. Some of the most common reasons that civil rights and employment discrimination cases are viewed as undesirable by many members of the Bar are the undesirable scrutiny of the attorney's fee phase, the long delay and uncertainty in payment, the inability of most plaintiffs to pay for routine expenses and attorney's fees, the fact that many cases are lost without compensation or reimbursement, the fact that appeals are required in a high number of cases, and the fact that identification of the attorney with such cases tends to discourage other types of clients from engaging his or her services. The Court should consider the inherent disparity of resources between Ms. Johnston and those of the Defendant, a disparity which contributes significantly to the undesirability

of these cases. For example, a plaintiff will incur significant costs in order to vigorously pursue her claims, but often she will not have the funds to fully pay costs as they are accrued; hence, the plaintiff's counsel may not always recover their costs until a settlement is reached or, as in this case, it is won at trial and a court order to pay is entered. This is quite the opposite for Defendant with vast resources, and typically with litigation insurance coverage, which can more readily bear the financial burdens of lengthy litigation. Such adverse economic practicalities make handling employment discrimination cases inherently distasteful.

### 4.   Preclusion of Other Employment

Stembridge Taylor has just two attorneys, Ms. Taylor and Mr. Stembridge, who both not only carry a full load of client work but also share in management of the firm's operations. The firm invested nearly 500 professional hours in this case, receiving contemporaneous payment for none of them, since the firm was retained on a contingent fee. The hours that Plaintiff's attorneys invested in this matter represent a major investment of resources that might have been devoted to other matters, many of which would likely have paid by the hour contemporaneous with the work being performed.  Indeed, to fully comprehend the significance of the risk, one need only imagine how few defense firms would be willing to defend these cases if their payment was conditioned on victory.

### 5.   The Nature and Length of the Professional Relationship

As noted above, Plaintiff's attorneys have represented Ms. Johnston since April 2018. They prosecuted her case at the EEOC, into federal court,

and through a jury trial. Unlike in many other areas of practice where such a long professional relationship would carry the prospect of more business from the client in the future, plaintiff's attorneys do not enjoy such benefit from the long representation. Indeed, to the contrary, the hope is that Ms. Johnston will never require the firm's services ever again. Accordingly, the plaintiff's employment lawyer has only the one fee he can expect from a client's case if he or she is successful. The award of the full fee and all expenses sought would go far in leveling what would otherwise be a vastly uneven playing field.[17]

### D.    Awards in Similar Cases

Finally, the reasonableness of a fee may also be considered in the light of awards made in similar litigation within and without this circuit. *Johnson*, 488 F.2d 714, 719 (5th Cir. 1974). In consideration of the Plaintiff being the prevailing party, combined with the amount of time and costs necessary to obtain that result on her behalf, an award of attorney's fees in the amount of $220,135.00 is in line with, and actually much less than, awards in similar cases. *See, e.g., Martin v. Eli Lilly*, 1:12-cv-01623-CAP, Doc. 264 (April 25, 2016) (Pannell, J.) (case reversed and remanded on other grounds as described in *Martin v. Eli Lilly & Co.*, 702 F. App'x 952 (11th Cir. 2017) (finding partner rates of $425, associate rate of $350, and paralegal rate of $150 to be reasonable in an FMLA/ADA discrimination and retaliation case

---

[17]    The former Fifth Circuit has stated that a lawyer "may vary his fee for similar work in the light of the professional relationship of the client with his office." *Johnson*, 488 F.2d at 719. In employment cases, this factor is significant for the reason that lawyers taking such cases rarely develop any longstanding relationship with a client in terms of repeat business.

and awarding a total of $294,760.00 in attorney's fees); *Allen v. Banks Co. Ga.*, 2:16-CV-0076-RWS (Dec. 11, 2018) (finding partner rate of $425 and associate rate of $350 reasonable in an FMLA/ADA discrimination, failure to accommodate and retaliation case and awarding a total of $330,042.50 in attorney's fees); *Painter v. Fulton County, GA et al*, 1:08-cv- 01989-TCB, Doc. 255 (May 11, 2010) (Batten, J.) (finding partner rate of $450 per hour to be reasonable and associate rate of $275 per hour in a race discrimination and retaliation case reasonable for a total award of $376,552.93); *Alger v. Prime Rest. Mgmt., LLC*, No. 1:15-CV-567-WSD-JCF, 2016 WL 11440143, at *8 (N.D. Ga. June 9, 2016) (Fuller, J.), *report and recommendation adopted,* No. 1:15-CV-567-WSD, 2016 WL 3741984 (N.D. Ga. July 13, 2016) (partner rates of $450 and associate rate of $250 per hour reasonable in a pregnancy discrimination case); *Taylor v. Fulton Cty.*, No. 1:08-CV-3242-RLV- CCH, 2012 WL 13075231, at *3 (N.D. Ga. Jan. 31, 2012), *report and recommendation adopted,* No. 1:08-CV-3242-RLV, 2012 WL 13072119 (N.D. Ga. Feb. 29, 2012) (finding partner rate of $400 per hour appropriate and reasonable in a sexual harassment case for a total award of $244,494.90); *Mulugeta v. TAS of Atlanta, LLC*, No. 1:17-CV-03583-LMM, 2019 WL 8277247, at *1 (N.D. Ga. Dec. 13, 2019) (finding $425/hour rates of two partners reasonable in settled FLSA case); *Nelson v. PJ Cheese, Inc.*, No. 4:20-CV-00242-JPB, 2021 WL 2493252, at *2 (N.D. Ga. June 17, 2021) (finding reasonable partner rates of $500/hour and $450/hour in FLSA case).  *See also* Exhibit E, Legare Dec. (discussing fee recoveries comparable to that requested here in similar cases).

## IV.    CONCLUSION

Under 42 U.S.C. § 2000e-5(k) and 29 U.S.C. §216, and consistent with Plaintiff being the prevailing party in this matter under both Title VII and the FLSA, Ms. Johnston is entitled to receive an award of reasonable attorney's fees. Based upon the evidence and case authority cited herein, Ms. Johnston respectfully requests that the Court fully compensate her counsel for the relevant efforts expended here and award the sum of $220,135.00 in attorney's fees, plus any additional fees incurred in connection with this motion and Plaintiff's obligation to reply to Defendant's response. *See Jonas v. Stack*, 758 F.2d 567 (11th Cir. 1985).

Respectfully submitted this 5th day of August, 2021.

/s/ Lisa D. Taylor
Lisa Durham Taylor
Georgia Bar No. 235529
lisa@stembridgetaylor.com
John T. Stembridge
Georgia Bar No. 678605
john@stembridgetaylor.com
**STEMBRIDGE TAYLOR LLC**
3651 Mars Hill Road, Suite 3300
Watkinsville, Georgia 30677
Telephone: (404) 604-2691

Attorneys for Plaintiff

<u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel for Plaintiff hereby certifies that this brief was prepared in accordance with the font and type limitations of N.D. Ga. L. R. 5.1(B), Century Schoolbook 13 point.

/s/ Lisa D. Taylor
Lisa D. Taylor
Georgia Bar No. 235529

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MELANIE JOHNSTON,

                    Plaintiff,

v.                                                    CIVIL NO. 4:19-cv-00126-WEJ

PYE CARS OF DALTON, INC.
and LIONEL F. PYE, JR. aka
"JOHNNY PYE",

                    Defendants.

## CERTIFICATE OF SERVICE

I certify that on this date I filed the foregoing Plaintiff Melanie Johnston's Brief in Support of Her Motion for an Award of Her Reasonable Attorney Fees, using the Court's CM/ECF system which will generate service on all counsel of record.


Dated:        August 5, 2021

                                                    /s/ Lisa D. Taylor
                                                    Lisa D. Taylor
                                                    Georgia Bar No. 235529