IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MELANIE JOHNSTON,

        Plaintiff,

v.

PYE CARS OF DALTON, INC.
and LIONEL F. PYE, JR. aka
"JOHNNY PYE",

        Defendants.

CIVIL NO. 4:19-cv-00126-WEJ

## **DECLARATION OF LISA DURHAM TAYLOR**

1.     My name is Lisa Taylor.  I am over 18 years old and competent to testify as to the matters stated herein.

2.     I have represented the Plaintiff Melanie Johnston in this case since not long after her termination from Defendant Pye Cars of Dalton, Inc. in March 2018.  Ms. Johnston retained me through my predecessor law firm, Durham Taylor LLC, at which time I associated John Stembridge of Stembridge Law LLC to work on the case with me.  Our firms merged to form Stembridge Taylor LLC in January 2021.

3.     I have been a member in good standing of the State Bar of Georgia since November 2000.

4.      I earned a Bachelor of Arts degree from Cornell University in Ithaca, New York in May 1995.  I then graduated, *cum laude*, from the University of Georgia School of Law in May 2000, where I served as the Executive Articles Editor of the *Georgia Law Review*, competed at the regional and national level of the American Bar Association's National Appellate Advocacy Competition advancing to national semi-finalist after winning the regional competition and award for Regional Best Brief, and served on the Moot Court Board.

5.      After law school, I worked as an Associate Attorney in the Atlanta headquarters office of AmLaw 100 firm Alston & Bird LLP from September 2000 to July 2004.  Throughout that time, I was a member of the Labor & Employment Group and, in addition to advising business clients on employment law issues, I also litigated cases involving a wide variety of employment claims in state and federal courts throughout Georgia and around the country.

6.      From August 2004 to June 2016, I served as a member of the faculty of Atlanta's John Marshall Law School.  I taught courses in Federal Civil Procedure, Employment Law, Contracts, and Remedies, and earned promotions from Assistant Professor to Associate Professor and then full Professor of Law, as well as tenure.  During my academic career, I presented

research at a variety of programs and published articles addressing

employment law and civil procedure issues in five major law reviews:

- *The Times They Are A-Changin': Shifting Norms and Employee Privacy in the Technological Era*, 15 MINN. J. L., SCI. & TECH. 949 (2014).

- *The Pro-Employee Bent of the Roberts Court*, 79 TENN. L. REV. 803 (2012).

- *Untangling the Web Spun by Title VII's Referral and Deferral Scheme*, 59 CATHOLIC U. L. REV. 427 (2010).

- *Parsing Supreme Court Dicta to Adjudicate Non-Workplace Harms*, 57 DRAKE L. REV. 75 (2008).

- *A Vague and Subjective Standard with Impractical Effects: A Proposal  for Congressional Intervention After* Burlington Northern & Santa Fe Railway Co. v. White, 9 U. PA. J. LAB. & EMP. L. 533 (2006).

7.     Since June 2015 and continuously to the present I have been

back in the private practice of law, initially as the sole member and owner of

Durham Taylor LLC, a law firm specializing in employment law and civil

appeals, and then beginning in January 2021 as co-owner of Stembridge

Taylor LLC along with my partner John Stembridge.  The employment law

component of my practice, which has comprised roughly 80% of my workload

over the last six years, includes advising employer clients on all aspects of

employment law compliance and representing both employers and employees

in all types of employment litigation.

8.      Since resuming the practice of law in 2015, I have served as lead counsel in approximately 30 employment law lawsuits and as co-counsel in a wide variety of employment and non-employment law civil cases at both the trial and appellate court levels in federal and state courts within and outside of Georgia.  By way of example, following are cases involving employment claims on which I have either served as lead counsel or played a significant counsel role:  *Kinney v. Vintage Hospitality Group, LLC et al*, No. 3:16-cv-00140-CDL (M.D.Ga.); *Buckner v. Vintage Hospitality Group, LLC et al*, No. 3:16-cv-00142 (M.D.Ga.); *Salerno v. Mega Package Store, LLC*, No. 1:17-cv-04632-MHC (N.D. Ga.); *Amponsah v. DirecTV, LLC et al.*, No. 1:14-CV-03314-LMM (N.D. Ga.); *Causey v. Navicent Health, Inc.*, No. 5:15-CV-230 (LLJA) (M.D. Ga.); *White v. SOTF, LLC*, No. 1:17-CV-01055-AT-RGV (N.D. Ga.); *Chandler v. Pye Automotive Group LLC, et al.*, No. 4:17-CV-0086-HJM-WEJ (N.D. Ga.); *Oden v. Active Pest Control South, Inc. et al.*, No. 1:19-CV-00824-WMR (N.D. Ga.); *Change v. Midtown Neurology, Inc.*, No. 1:19-cv-00885-SCJ-AJB (N.D. Ga.); *Johnson et al v. Oak at the League, LLC et al*, No. 1:19-CV-04212-LMM (N.D. Ga.); *Claros & Steakley v. Taylor Lee & Associates et al*, No. 1:18-CV-02204-CAP-WEJ; *Dorsey-Williams v. UniPro Food Service, Inc.*, No. 1:19-CV-04542-CAP-JKL (N.D. Ga.); *Foster v. Board of Regents of the University System of Georgia*, No. 1:19-CV-00017-LAG (M.D. Ga.); *Thompson*

*v. Digital Insight Corporation*, 2:18-CV-00066-WCO-JCF (N.D. Ga.); *Miller et al v. CloudSolutions212, Inc. et al*, No. 1:18-CV-03726-MLB (N.D. Ga.); *Franco v. Aaron's, Inc.*, No. 1:19-CV-182-CAP-LTW (N.D. Ga.); *Caruso v. American Family Care Georgia, LLC*, No. 1:20-CV-04775-ELR-RDC (N.D. Ga.); *Marmolejos v. Savage Poultry, Inc.*, No. 1:20-CV-03814-SDG (N.D. Ga.); and *Lamb v. Clayton County School District*, No. 1:19-CV-00695-WMR-JSA (N.D. Ga.).

9.      My hourly rate in this case is $450.00 per hour.  This rate is consistent with the rates I charge in other comparable matters and which clients actually pay in other matters.  More specifically, this is the rate that I charge in contingency-based employment litigation, and this rate is used to calculate my fees at the time of resolution under the terms of my standard contingency engagement, whether based on an hourly recovery or a percentage recovery.   I charge a slightly lower rate to clients who pay by the hour as the matter progresses (as opposed to contingency matters), and this difference in rate is intended to account for the significant risk involved in devoting time to litigating contingency cases without being paid, sometimes, including as here, for several years.

10.      John T. Stembridge is my co-counsel in this matter and has worked with me on every phase of this case, beginning with consultation on

case and litigation strategy and culminating in co-counseling with me at the jury trial.  Our strategizing and collaboration have been instrumental in our mutually successful representation of Ms. Johnston.  Because we have similar experience levels, our rates are the same at $450 per hour.

11.    Mr. Stembridge and I utilize the Clio practice management system and track our billable hours in Clio on a "real time" basis, ensuring the accuracy of the records kept.  I reviewed the time entries in this case for both myself and Mr. Stembridge, which were downloaded into the included spreadsheet directly from our firm's Clio account, to ensure that all timekeepers on this matter had exercised sound billing judgment when allocating and recording their time.  As part of that process, I also removed any excessive, redundant, or otherwise unnecessary hours or portions thereof (of which there were almost none).  Thus, all of the time we billed on this case was, in my judgment, necessary to provide proper representation of Ms. Johnston.

12.    Included with the filing of this Declaration is a true and correct copy of the itemized time entries for this case, totaling 510.9 hours and $220,135.00 in resultant fees.  Those records reflect 314.4 hours billed by me, 154.3 hours billed by co-counsel Mr. Stembridge, 42.2 hours billed by our paralegal Victoria Engleman, and a $5,000 flat fee covering approximately 8

(or more) hours of time for trial consultation by trial counsel Holly Pierson.
That time was absolutely necessary to prosecute this case and is a reasonable
fee for successfully litigating a contested employment discrimination case,
which involved proceedings before the EEOC, preparation and filing of
pleadings and the conduct of full discovery, a negotiated settlement of a claim
for unpaid overtime under the FLSA resulting in full recovery, and a
complete jury trial ending in a favorable jury verdict yielding a maximum
recovery under Title VII in addition to damages for violations of state tort
law.

13.     As the trial date in this case approached, my co-counsel Mr.
Stembridge and I made the decision to engage Holly Pierson as trial counsel
on a consulting basis.  By virtue of having served as an Assistant US
Attorney for a number of years, Ms. Pierson has extensive trial experience
and assisted us greatly with anticipating and addressing evidentiary issues,
preparing Ms. Johnston to testify at trial, and preparing our opening
statement and closing argument, as well as developing an overall trial
strategy.  Ms. Pierson's services were delivered efficiently (entirely remotely
over Zoom or telephone) and were integral to our success at trial.

14.     The parties never engaged in meaningful settlement discussions
in this case, so the Plaintiff never had an opportunity to avoid the expense of

a complete jury trial.  The earliest attempts at settlement took place when

the case was pending before the EEOC.[1]  Plaintiff then consented to mediate

the case, but Defendant's counsel at the time (not Mr. White or anyone in his

firm) would not discuss the terms of the proposed mediation with Plaintiff's

counsel and instead threatened counterclaims should Ms. Johnston pursue

her claims described by that counsel as "frivolous" and "wholly without

merit."  As evidence of these facts, attached as Exhibit B-2 is a true and

correct copy of an Email from Steven J. Rosenwasser to Lisa Taylor dated

Dec. 18, 2018.[2]

---

[1]      Initially Defendant did not respond to the EEOC's invitation to mediate for
many months.  *See* Exhibit B-1, a true and correct copy of an email chain between
counsel Lisa Taylor and EEOC Mediator Barry Brown spanning the time period
between July 2018 and September 2018.

[2]      Although the emails identified as Exhibits 1 & 2 are labeled "not admissible"
because they were sent "for settlement purposes only," it is well established that
Federal Rule of Evidence 408 only renders settlement discussions inadmissible when
offered to prove or disprove the merits of the claims at issue, and not when proffered
as relevant to a peripheral issue like fee recovery.  *Lohman v. Duryea Borough*, 574
F.3d 163, 167 (3d Cir. 2009) ("While evidence of settlement negotiations is
inadmissible to prove the merit or lack of merit of a claim, the use of such evidence
as bearing on the issue of what relief was sought by a plaintiff does not offend the
clear terms of Rule 408. Such evidence can be relevant when comparing what a
plaintiff 'requested' to what the plaintiff was ultimately 'awarded.' "); *see also Walker
v. Iron Sushi LLC*, 752 F. App'x 910, 915 (11th Cir. 2018) (affirming district court's
consideration of rejected settlement offer in assessing reasonableness of fee award
sought, and explaining that "it is clear that a rejected settlement offer is an
appropriate factor to consider in assessing the reasonableness of a request for
attorney fees"); *Cooper v. Raffensperger*, No. 1:20-CV-01312-ELR, 2021 WL 2480113,
at *6 (N.D. Ga. June 2, 2021) (taking settlement offer rejected by plaintiff into account

15.    No further substantive discussion of the possibility of settlement took place until late summer/early fall of 2020, at or shortly after the close of discovery.  At that time, defense counsel (Mr. White) suggested that Plaintiff make a demand to settle her FLSA claims.  In response to that suggestion, Plaintiff made a global demand to settle the entire case in the amount of $120,000,[3] explaining that because attorney's fees would comprise a significant portion of any settlement that encompassed only the FLSA claims, a global settlement would make more sense.  As evidence of these facts, attached as Exhibit B-3 is a true and correct copy of an Email from Lisa Taylor to R. Patrick White dated Sept. 28, 2020.

16.    Despite follow-up on that initial demand [*see* Exh. B-4, a true and correct copy of an Email from Lisa Taylor to R. Patrick White dated Nov. 5, 2020], Defendant never made any counteroffer.  Plaintiff followed up again with a settlement offer directed to solely the FLSA claim.  [Exh. B-5 – true and correct copy of Email from L. Taylor to P White dated Nov. 20, 2020.] Once again, Defendant neither accepted nor made any counteroffer.

---

as a factor in determining Plaintiffs' ultimate level of success as relative to reduction of lodestar fee award in civil rights case).

[3]    Notably, and as explained in Plaintiff's Brief in Support of her Motion for an Award of Reasonable Attorney's Fees, the amount of this demand is significantly lower than the amount ultimately awarded to her by the jury ($400,000 – *see* Doc. 86), which award does not include her recoverable fees and costs.

17.    As the trial approached in the spring of 2021, Mr. White indicated that he was working with his client in an attempt to receive authority to make a settlement offer.  [Exh. B-6 – a true and correct copy of an Email exchange between Lisa Taylor and R. Patrick White dated April 28, 2021.]  I am not aware of the results of those discussions, except that no offer was made.  The parties agreed to resolve the FLSA claims immediately prior to trial, with Plaintiff's fee and cost recovery to be determined by the Court.

18.    After trial, the parties attempted, at the Court's instruction, to resolve Plaintiff's claim to attorney's fees by agreement, but the information Plaintiff's counsel obtained from defense counsel was that Defendant authorized an offer of only $50,000.  Defense counsel also indicated that if $100,000 would be enough, he would try to get his client to approve that amount, but since the parties were so far apart (Defendant authorized less than 25% of the actual fees incurred by Plaintiff, and the $100,000 would still have been less than 50%), it was apparent that the issue would need to be submitted to the Court for determination.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 5, 2020.

Lisa Durham Taylor

# Exhibit 1

**Subject:** RE: Johnston v. Pye Cars of Dalton/Charge No. 410-2018-06436
**Date:** Friday, September 14, 2018 at 9:38:10 AM Eastern Daylight Time
**From:** BARRY BROWN
**To:** Lisa Taylor

Dear Ms. Taylor,

To date, the Respondent has not accepted nor declined the Commission's offer to mediate.  We allow 90-120 days for their decision.  Currently, it's a little over 90 days; however, as I'm actively scheduling mediations that are ahead of this case, I have not yet reached out to them.  Please feel free and call me if you have questions.


I hope this information is helpful.

Best regards,

Barry

Barry E. Brown
Federal Mediator
U.S. Equal Employment Opportunity Commission
100 Alabama Street, SW
Suite 4R30
Atlanta, GA  30303
Telephone: 404-562-6833
Fax: 404-562-6974
Email: barry.brown@eeoc.gov


**From:** Lisa Taylor [mailto:lisa@durhamtaylor.com]
**Sent:** Thursday, September 13, 2018 5:00 PM
**To:** BARRY BROWN <BARRY.BROWN@EEOC.GOV>
**Subject:** Re: Johnston v. Pye Cars of Dalton/Charge No. 410-2018-06436

Dear Mr. Brown,

I wanted to follow up with you on the above-referenced Charge of Discrimination.  Your name still shows on the public portal as the assigned EEOC contact, but if you are no longer the appropriate contact for this case, please let me know.

As you know from prior correspondence, I represent the Charging Party, Melanie Johnston.  I wanted to both inquire as to the status of this matter at the Commission, and also provide you with some additional relevant information.  Ms. Johnston's Charge references claims filed by another former employee, Alicia Chandler.  She had filed an EEOC Charge making similar allegations to those underlying Ms. Johnston's, then had to request a right to sue so that she could add her Title VII claims to the lawsuit that she filed in relation to FLSA unpaid overtime claims.  Ms. Chandler's case has now gone all the way through discovery, after which the defendant Pye car dealerships filed a motion for summary judgment.  That motion for summary judgment was recently denied in its entirety as to Ms. Chandler's Title VII claims of harassment, sex discrimination and retaliation.  If

the case does not settle, we expect that Ms. Johnston will be a witness in Ms. Chandler's trial, estimated to take place late this year or early 2019 in Rome, Georgia.  Their cases are similar in that both Ms. Chandler and Ms. Johnston suffered ongoing sexual harassment while working at the Pye car dealerships, both complained about that harassment, and both were discharged from employment very shortly after complaining (Ms. Chandler within a few days, Ms. Johnston that very same afternoon).

If there is any additional information that I can provide to you in relation to Ms. Johnston's Charge, please let me know.  Also, if you would not mind, please update me on the status of the matter on your end.  Thank you.

Lisa

--
**Lisa D. Taylor**
**Durham Taylor LLC**
lisa@durhamtaylor.com
Office:  (770) 235-1117
Mobile:  (678) 522-0599
www.durhamtaylorlaw.com

---

**From:** BARRY BROWN <BARRY.BROWN@EEOC.GOV>
**Date:** Tuesday, July 10, 2018 at 1:16 PM
**To:** Lisa Taylor <lisa@durhamtaylor.com>
**Subject:** RE: Johnston v. Pye Cars of Dalton/Charge No. 410-2018-06436

Ms. Taylor,

As of this date, the Respondent has not accepted nor declined the Commission's offer to mediate.  Please allow 90-120 days for the Respondent to decide.

Best Regards,

Barry E. Brown
Federal Mediator
U.S. Equal Employment Opportunity Commission
100 Alabama Street, SW
Suite 4R30
Atlanta, GA  30303
Telephone: 404-562-6833
Fax: 404-562-6974
Email: barry.brown@eeoc.gov

---

**From:** Lisa Taylor [mailto:lisa@durhamtaylor.com]
**Sent:** Monday, July 09, 2018 12:52 PM
**To:** BARRY BROWN <BARRY.BROWN@EEOC.GOV>
**Subject:** Johnston v. Pye Cars of Dalton/Charge No. 410-2018-06436

Dear Mr. Brown,

I see from the EEOC Charge portal that the above-referenced Charge has been assigned to your mediation docket.  I represent the Charging Party and just wanted to touch base to see if you had heard anything from the Respondent, and whether there was any additional information I could provide.  Please let me know.  Thanks.

Lisa Taylor

--
**Lisa D. Taylor**
**Durham Taylor LLC**
lisa@durhamtaylor.com
Office:  (770) 235-1117
Mobile:  (678) 522-0599
www.durhamtaylorlaw.com

# Exhibit 2

**Subject:** RE: Pye
**Date:**      Tuesday, December 18, 2018 at 9:14:50 AM Eastern Standard Time
**From:**    Steven J. Rosenwasser
**To:**        'Lisa Taylor'
**CC:**       Patrick C. Fagan, Steven J. Rosenwasser

**\*\*PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION – INADMISSIBLE\*\***

Lisa,

Thank you for your email below.  For the record, we were told you were willing to mediate.  Now you are telling us you will not mediate unless we meet some currently undefined conditions.  We are unwilling to do so.

As for moving forward, we are in the midst of our investigation but it has already been made readily apparent that your client's claims are wholly without merit.  She was terminated for a non-discriminatory and non-retaliatory reason, and there is a third party witness who will confirm that.  She is also a non-credible witness who has engaged in fraudulent conduct.  If you or your client have some belief that you will improperly force my client to pay a settlement to avoid legal fees or expenses, that will not be the case.  This is a frivolous action that my client intends to vigorously defend through the EEOC and in any litigation, trial or appeal thereafter.  If you want to avoid incurring a lot of time, fees and expenses on a case for which there is no chance of success, my suggestion is that you drop it now.  Otherwise, we have no problem litigating this case for as long as it takes to demonstrate that my client acted properly and in accordance with the law.  And, if the facts so warrant (and I believe they will), we intend to assert any viable counterclaims that exist against your client.  She needs to understand this is not a free pass to try and see if she can obtain any of my client's money.  There will be a cost to moving forward, including the costs associated with losing a judgment on our counterclaims.  You may want to ask her about what she's done, and what her exposure is, so she knows going in that we intend to seek damages for her misconduct.  Again, I suggest you ask her to come clean with you about what she's done, and then call me so we can end this.

Steven

---

**From:** Lisa Taylor [mailto:lisa@durhamtaylor.com]
**Sent:** Monday, December 17, 2018 3:29 PM
**To:** Steven J. Rosenwasser
**Cc:** Patrick C. Fagan
**Subject:** Re: Pye

Steven,

You heard wrong.  I did not cancel the mediation.  I told you weeks ago that I wanted to speak before committing anything in response to the EEOC's invitation to mediate.  I've been trying to reach you by phone, without success.  I sent you an email last week with an overview of where my client stood relative to the mediation invitation since we'd not been able to connect, in an effort to move the process forward.  I did not feel like I could leave Mr. Brown in limbo any longer as he'd told me that other parties wanted that date, so I went ahead and let him know that we couldn't agree to mediate at this time.  As indicated in my email below, my client and I were then, and remain now, open to mediation and did not cancel anything.

As for your reference to my client's "conduct" and her alleged falsification of time records, I do not see how either of those facts, even if true, bears any relevance, let alone constitutes a defense, to sexual harassment.

That said, if you have evidence that you think I should consider as my client and I work to value her case, I would be happy to take a look at it.

I continue to believe that having a conversation about where things stand is in everyone's best interest.  If we press toward litigation, legal fees will begin to add up quickly on both sides.  I'm happy to talk any time if you are also willing, so just let me know.

Lisa

---

**From:** "Steven J. Rosenwasser" <rosenwasser@bmelaw.com>
**Date:** Monday, December 17, 2018 at 12:45 PM
**To:** Lisa Taylor <lisa@durhamtaylor.com>
**Cc:** "Patrick C. Fagan" <fagan@bmelaw.com>
**Subject:** Re: Pye

Lisa,

I hear you canceled the mediation without waiting for a response.  Thus, i see no reason to give one.  Please ask your client if in addition to her conduct with Pye's insurance vendor and others, whether she falsified time cards.  Then, let me know if you want to talk.

Steven


Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Lisa Taylor <lisa@durhamtaylor.com>
Date: 12/13/18 3:52 PM (GMT-06:00)
To: "Steven J. Rosenwasser" <rosenwasser@bmelaw.com>
Cc: "Patrick C. Fagan" <fagan@bmelaw.com>
Subject: Re: Pye

Steven,

Tried you again yesterday but still didn't connect.  I have felt like having a phone conversation would be a superior way to communicate about where we are on this matter, but since we have had so much trouble getting on the phone, I'll share some thoughts initially and then maybe we can find a time to speak.

In short, I don't think my client can agree to mediate at the EEOC right now.  For a variety of reasons that I am happy to share with you, I don't think that would be a productive use of the parties' time, particularly given that neither party has any idea where the other stands at this point.  That said, Ms. Johnston is certainly open to resolving her claims without need for costly and time-consuming litigation and appreciates that Pye Auto is also willing to explore that possibility.  My suggestion is that we negotiate on our own and see where that gets us.  We already know more about this case than is typically known at this stage of the proceedings, as it is informed by some crossover from the Chandler case.  If it eventually appears that mediation is likely to be productive, and necessary in order to reach a final resolution, we could agree to mediate privately at that time, on terms similar to those we agreed upon in the last case.

If my suggested approach is amenable to your clients, I'll be happy to provide a demand.  If not, just let me know, and we can proceed toward litigation.

Thanks.

Lisa

**Lisa D. Taylor**
**Durham Taylor LLC**
lisa@durhamtaylor.com
O: (770) 235-1117
M: (678) 522-0599
www.durhamtaylorlaw.com

---

**From:** "Steven J. Rosenwasser" <rosenwasser@bmelaw.com>
**Date:** Wednesday, December 12, 2018 at 5:14 AM
**To:** "'Lisa Taylor (lisa@durhamtaylor.com)'" <lisa@durhamtaylor.com>
**Cc:** "Patrick C. Fagan" <fagan@bmelaw.com>
**Subject:** Pye

Lisa,

I'm in the office today if you would like to call me at your convenience.  Sorry we keep missing each other.

Steven

**Steven J. Rosenwasser**

**BONDURANT MIXSON & ELMORE** LLP
One Atlantic Center | 1201 West Peachtree Street NW
Suite 3900 | Atlanta, GA 30309
P: 404.881.4167    F: 404.881.4111    E: rosenwasser@bmelaw.com
www.bmelaw.com

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately by telephone (404.881.4167) or by electronic mail (rosenwasser@bmelaw.com), and destroy the original message, any attachments thereto and all copies and backups thereof. Thank you.

# Exhibit 3

**Subject:** Johnston v. Pye Auto et al

**Date:**   Monday, September 28, 2020 at 10:00:54 AM Eastern Daylight Time

**From:**   Lisa Taylor

**To:**     R. Patrick White

**CC:**     John Stembridge

FOR SETTLEMENT PURPOSES ONLY; NOT ADMISSIBLE FOR ANY PURPOSE

Pat – I am providing this in response to your request that Ms. Johnston provide a settlement demand pertaining to her FLSA claims. As you know, any recovery by Ms. Johnston under the FLSA must include her reasonable attorney's fees and costs as part of the recovery. Because defendants chose to litigate these claims all the way through discovery, those fees and costs would be the primary driving force, and necessarily comprise a great majority of any payment made, in a partial settlement directed only to my client's FLSA claims. Thus, if your client is open to the possibility of settling the FLSA claims, there should be no rational reason not to also explore a global settlement. The only difference between a limited FLSA settlement now and a global settlement now is whatever amount the parties can agree is appropriate to compensate Ms. Johnston for the sexual harassment she endured and her termination (as asserted in various state and federal causes of action in the complaint), i.e., her back pay, plus compensatory and punitive damages. However, if we settle only the FLSA claims now, the fees and costs will restart anew, and the liability exposure all the way through trial is probably double or triple what the fees are to this point.

Given all of the foregoing, I have conducted an analysis of Ms. Johnston's potential total recovery in this case. With that in hand, I conferred with my client and she has given me authority to make an aggressive global settlement offer in an effort to resolve this entire case. As your clients know from the last case, their exposure in cases like this is significant. You observed first hand at Melanie's deposition how the harassment that she endured has taken a toll on her emotionally and mentally, and how it continues to impact her today. This would almost certainly appeal to a jury's emotional side, and testimony regarding the fact that she is not the only one who has experienced this kind of treatment could yield a sizeable award of compensatory and punitive damages. Moreover, to take these claims to trial will cause Ms. Johnston to incur substantially more in attorney's fees than she has so far, given that discovery went relatively smoothly and there have been no motions filed to this point. Indeed, realistically, attorney's fees could easily be the largest component of any eventual award that Ms. Johnston might receive at trial. Thus, the reasons for settling this entire case now, rather than just one part of it, are strong.

At this stage of the litigation, Ms. Johnston would be willing to settle all of her claims, execute a full general release, and dismiss her lawsuit with prejudice in exchange for a payment of $120,000. As mentioned above, this is an "aggressive" offer because, while it includes some element of compensatory damages, it is far less than the total amount of defendants' exposure at an eventual trial, given the potentially unlimited amount of compensatory and punitive damages that a jury could award her and the amount of fees and costs she would have incurred by that point. As such, this demand reflects the spirit of compromise with which this offer is made. I would be happy to discuss this with you at any time and look forward to hearing your clients' response.

I also have some concerns about where we are in the process of preparing the pretrial order, given that we are now only one day from the deadline once again and I have not received the document from you as promised. I'll send a separate email on that shortly.

Thanks,
Lisa

**Lisa D. Taylor**
**Durham Taylor LLC**
lisa@durhamtaylor.com
O: (770) 235-1117
M: (678) 522-0599
www.durhamtaylorlaw.com

# Exhibit 4

**Subject:** Re: Johnston v. Pye Cars of Dalton, LLC et al, No. 4:19-CV-00126-ELR-WEJ
**Date:** Thursday, November 5, 2020 at 1:46:51 PM Eastern Standard Time
**From:** Lisa Taylor
**To:** Susan L. White
**CC:** R. Patrick White, John Stembridge
**Attachments:** 2020.11.05 P Signed Mag Consent Form.pdf, image001.png, image002.png

Susan – The signed form is attached.

Pat – What is the status on the settlement demand that my client made?  Last I heard you were going to be conferring with your client on that a few weeks ago.  I imagine that once this form is submitted, Judge Johnson will not take long to schedule a pretrial conference.  John and I have another case in the NDGA that is already on a trial calendar for January, and Judge Johnson will have far fewer trials to schedule so we could be near the top of his list.  Thus, we will be beginning trial prep soon, and as you know, the more work that goes into the case, the more difficult it becomes to settle.  As I mentioned in my last message, the demand Ms. Johnston made was intended as an aggressive move to try to reach a global settlement quickly.  If a global settlement is not of interest to your client, I can rework the numbers and submit it as a resolution of the FLSA claims only, but because the claims are so intertwined and most of the work done cannot be designated as specific to one type of claim or another, as I said before, the fees will be the lion's share of any such demand.

Please let me know what your client wants to do.

Thanks.

Lisa

**From:** Susan L. White <susan.white@kershawwhite.com>
**Date:** Wednesday, November 4, 2020 at 1:15 PM
**To:** Lisa Durham Taylor, Esq. (lisa@durhamtaylor.com) <lisa@durhamtaylor.com>
**Cc:** R. Patrick White <patrick.white@kershawwhite.com>
**Subject:** FW: Johnston v. Pye Cars of Dalton, LLC et al, No. 4:19-CV-00126-ELR-WEJ

Hello, Lisa.  Attached is the form to proceed before the Magistrate which I have filled in.  Would you please sign where indicated and scan it back to us.  Pat will also sign and then I'll forward it to Ms. Beck.  Thank you.

**Susan L. White, PP, PLS**
**Office Manager / Paralegal**
**Kershaw White LLC**



5881 Glenridge Drive, N.E., Suite 100
Atlanta, GA 30328
**470-344-0954 – Direct**

**470-443-1100 – Main**
**404-748-1179 – Fax**
susan.white@kershawwhite.com
www.kershawwhite.com

---

**From:** Michelle Beck <Michelle_Beck@gand.uscourts.gov>
**Sent:** Tuesday, November 3, 2020 10:08 AM
**To:** Lisa Taylor <lisa@durhamtaylor.com>; R. Patrick White <patrick.white@kershawwhite.com>
**Cc:** John Stembridge <john@stembridgelaw.com>; Susan L. White <susan.white@kershawwhite.com>
**Subject:** RE: Johnston v. Pye Cars of Dalton, LLC et al, No. 4:19-CV-00126-ELR-WEJ

Good morning. Attached is the form that needs to be completed by the parties and returned to me for the Judge's signature. Thanks and have a wonderful day.

**Michelle L. Beck** | Courtroom Deputy Clerk to District Judge Eleanor L. Ross
United States District Court | Northern District of Georgia
1788 United States Courthouse | 75 Ted Turner Drive S.W. | Atlanta, GA 30303
Email: Michelle_Beck@gand.uscourts.gov
Phone: 404.215.1524 | Efax: 404.215.1545

---

**From:** Lisa Taylor <lisa@durhamtaylor.com>
**Sent:** Monday, November 2, 2020 11:28 AM
**To:** Michelle Beck <Michelle_Beck@gand.uscourts.gov>; R. Patrick White <patrick.white@kershawwhite.com>
**Cc:** John Stembridge <john@stembridgelaw.com>; Susan L. White <susan.white@kershawwhite.com>
**Subject:** Re: Johnston v. Pye Cars of Dalton, LLC et al, No. 4:19-CV-00126-ELR-WEJ

==CAUTION - EXTERNAL:==

Plaintiff will consent to having the case tried in Rome before Magistrate Judge Johnson.  We were looking forward to a trial with Judge Ross, but under the circumstances think this makes sense and know Judge Johnson will be great as well.

Please let me know if you need anything else at this point.

**Lisa D. Taylor**
**Durham Taylor LLC**
lisa@durhamtaylor.com
O: (770) 235-1117
M: (678) 522-0599
www.durhamtaylorlaw.com

---

**From:** Michelle Beck <Michelle_Beck@gand.uscourts.gov>
**Date:** Friday, October 30, 2020 at 4:36 PM
**To:** R. Patrick White <patrick.white@kershawwhite.com>, Lisa Taylor <lisa@durhamtaylor.com>
**Cc:** John Stembridge <john@stembridgelaw.com>, Susan L. White <susan.white@kershawwhite.com>

**Subject:** RE: Johnston v. Pye Cars of Dalton, LLC et al, No. 4:19-CV-00126-ELR-WEJ

Hello Counsel:

Thank you for your response.  The Court has a couple follow up questions to Mr. White's email.

1.  Is there an update on whether Plaintiff consents to having the case in Rome before Magistrate Judge Johnson? Judge Johnson has indicated that he would be more than happy to try the case in Rome.

2.  If there is no update, when do the Parties anticipate they'll have a response on whether Plaintiff consents?

Although Judge Ross is not ready to schedule any cases for trial, she is scheduling pretrial conferences.  However, the Court needs to know which judge is presiding over the trial in order to take any additional steps in this case.

Thank you for your attention to this matter.


**Michelle L. Beck** | Courtroom Deputy Clerk to District Judge Eleanor L. Ross
United States District Court | Northern District of Georgia
1788 United States Courthouse | 75 Ted Turner Drive S.W. | Atlanta, GA 30303
Email: Michelle_Beck@gand.uscourts.gov
Phone: 404.215.1524 | Efax: 404.215.1545

---

**From:** R. Patrick White <patrick.white@kershawwhite.com>
**Sent:** Thursday, October 22, 2020 3:50 PM
**To:** Michelle Beck <Michelle_Beck@gand.uscourts.gov>; Lisa Taylor <lisa@durhamtaylor.com>
**Cc:** John Stembridge <john@stembridgelaw.com>; Susan L. White <susan.white@kershawwhite.com>
**Subject:** RE: Johnston v. Pye Cars of Dalton, LLC et al, No. 4:19-CV-00126-ELR-WEJ

<mark>CAUTION - EXTERNAL:</mark>


Ms. Beck:

I represent the Defendants in the Case.

As my Clients and most witnesses in the Case reside in the Dalton, Georgia area, it would be both inconvenient and expensive to have a 4 to 5 day trial in Atlanta. The Courtroom in the Rome Division works far better for my Clients and potential witnesses.

My Clients agree to having the Case tried in Rome before Magistrate Johnson. No motions have been filed in the Case, and there have not been any discovery disputes which have required his attention. Although the Plaintiff has other claims, her principal claims fall under Title VII. I have made this proposal to Ms. Taylor and I understand she is considering it.

Thank you for taking the time to outline our options for trial.

-Pat




**R. Patrick White**
**Kershaw White LLC**



5881 Glenridge Drive, N.E., Suite 100
Atlanta, GA 30328
**470-344-0992 – Direct**
**470-443-1100 – Main**
**404-748-1179 – Fax**
patrick.white@kershawwhite.com
www.kershawwhite.com

---

**From:** Michelle Beck <Michelle_Beck@gand.uscourts.gov>
**Sent:** Thursday, October 22, 2020 12:02 PM
**To:** Lisa Taylor <lisa@durhamtaylor.com>
**Cc:** R. Patrick White <patrick.white@kershawwhite.com>; John Stembridge <john@stembridgelaw.com>
**Subject:** RE: Johnston v. Pye Cars of Dalton, LLC et al, No. 4:19-CV-00126-ELR-WEJ

Hello Ms. Taylor, and thank you for your email.  Although Judge Ross does prefer to try cases in her courtroom in Atlanta, she certainly understands that for certain cases it is simply much more convenient for the litigants and witnesses to conduct proceedings in one of our other courthouses.  As such, she is always willing to make accommodations.  Thus, it would be helpful for us to know whether the parties in this case have a particular request as to location, and whether that request is being made jointly.  Additionally, as you pointed out, we don't really know when jury trials will resume, so Judge Ross is not scheduling them right now.  However, Judge Ross has been going forward with the pretrial conferences to address as many pretrial matters as possible, such as motions in limine, etc. These conferences (at which there is no witness testimony) can be conducted in person or by video.  I'm not sure when a pretrial conference will be scheduled in this case, but the ones she has scheduled most recently have been in March, which is probably when you should anticipate this one to be scheduled.  I hope this is helpful.  Please let me know if I can assist you further. Have a wonderful day.

**Michelle L. Beck** | Courtroom Deputy Clerk to District Judge Eleanor L. Ross
United States District Court | Northern District of Georgia
1788 United States Courthouse | 75 Ted Turner Drive S.W. | Atlanta, GA 30303

Email: Michelle_Beck@gand.uscourts.gov
Phone: 404.215.1524 | Efax: 404.215.1545

---

**From:** Lisa Taylor <lisa@durhamtaylor.com>
**Sent:** Thursday, October 22, 2020 11:23 AM
**To:** Michelle Beck <Michelle_Beck@gand.uscourts.gov>
**Cc:** R. Patrick White <patrick.white@kershawwhite.com>; John Stembridge <john@stembridgelaw.com>
**Subject:** Johnston v. Pye Cars of Dalton, LLC et al, No. 4:19-CV-00126-ELR-WEJ

**CAUTION - EXTERNAL:**

Ms. Beck,

I represent Melanie Johnston, the plaintiff in the above-referenced (Title VII/FLSA) case pending before Judge Ross. This week the parties filed their proposed Consolidated Pretrial Order, which has led counsel to some discussion about the logistics of trial. We certainly understand that predicting a trial date may be difficult at this point given the events of the last ~7 months and where things stand with the Court's latest orders on pandemic response. However, we had one question which we thought you might be able to answer at this point. This case is technically pending in the Court's Rome Division, but has been assigned to Judge Ross who we understand has Chambers in Atlanta. At the point of an eventual jury trial, do you know if that trial would be held in Rome, or would be held in Atlanta?

Thank you for any information you can provide.

Lisa Taylor

--
**Lisa D. Taylor**
**Durham Taylor LLC**
lisa@durhamtaylor.com
Office:  (770) 235-1117
Mobile:  (678) 522-0599
www.durhamtaylorlaw.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

--------Kershaw White LLC Confidentiality Notice------- This e-mail transmission and the attachments accompanying it may contain confidential information from the law firm of Kershaw White LLC which is protected by the attorney-client communication privilege or the work product privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when

opening attachments or clicking on links.

--------Kershaw White LLC Confidentiality Notice------- This e-mail transmission and the attachments accompanying it may contain confidential information from the law firm of Kershaw White LLC which is protected by the attorney-client communication privilege or the work product privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

# Exhibit 5

**Subject:** Johnston v. Pye Cars et al.

**Date:**   Friday, November 20, 2020 at 10:40:16 AM Eastern Standard Time

**From:**   Lisa Taylor

**To:**    R. Patrick White

**CC:**    John Stembridge

FOR SETTLEMENT PURPOSES ONLY/NOT ADMISSIBLE FOR ANY PURPOSE

Pat – I am sending this in response to your request that Ms. Johnston submit a settlement demand that covers only her FLSA unpaid overtime claim.  Ms. Johnston has reviewed the records produced in discovery and compared them to her recollection of what happened.  Based on her analysis, she would be willing to resolve her FLSA claims for a lump sum payment of $1,000, which can be designated for tax purposes as $500 unpaid overtime (subject to withholdings) and $500 liquidated damages (not subject to withholding).

Please let me know if this is acceptable to your clients.  If so, we can then negotiate Ms. Johnston's recovery of fees and costs as a necessary component of the FLSA settlement.  *See Martin v. Huddle House, Inc.*, No. 2:10-CV-0082-WCO, 2011 WL 611625 (N. D. Ga. Feb. 11, 2011) (holding that fee recovery as component of FLSA claim cannot be negotiated until after agreement is reached as to unpaid wages due).

--

**Lisa D. Taylor**

**Durham Taylor LLC**

lisa@durhamtaylor.com

Office:  (770) 235-1117

Mobile:  (678) 522-0599

www.durhamtaylorlaw.com

# Exhibit 6

**Lisa Taylor**
Re: Johnston v. Pye Cars et al.
April 28, 2021 at 4:00 PM EDT
To: R. Patrick White
Cc: John Stembridge, Victoria Engleman, Susan L. White

Thanks for your reply Pat.   We will carry on until we receive further information from you.

And yes.   Amazing indeed.

**From:** R. Patrick White < patrick.white@kershawwhite.com > >
**Date:** Wednesday, April 28, 2021 at 3:51 PM
**To:** Lisa Taylor < lisa@stembridgetaylor.com > >
**Cc:** John Stembridge < john@stembridgetaylor.com > > , Victoria Engleman < victoria@stembridgetaylor.com > > , Susan L. White < susan.white@kershawwhite.com > >
**Subject:** RE: Johnston v. Pye Cars et al.

Lisa:

I'm still working with the Client to get an offer on the table, and I have asked Johnny Pye to give me his decision no later than Friday, April 30, 2021. I have explained there are two fee clocks running if Ms. Johnston prevails.

I will have a response by Friday.

It amazing to have no trials for a year and then two at once. I will do my best to see if I can reduce that number to one.

-Pat

## R. Patrick White

**From:** Lisa Taylor < lisa@stembridgetaylor.com > >
**Sent:** Wednesday, April 28, 2021 3:30 PM
**To:** R. Patrick White < patrick.white@kershawwhite.com > >
**Cc:** John Stembridge < john@stembridgetaylor.com > > ; Victoria Engleman < victoria@stembridgetaylor.com > > ; Susan L. White < susan.white@kershawwhite.com > >
**Subject:** Re: Johnston v. Pye Cars et al.

Good afternoon Pat – I wanted to reach out to you to see if you were able to meet with Mr. Pye yesterday and whether defendants have any interest in trying to resolve this case.   We have tried to put off digging in to substantial trial preparation work as long as possible, as every hour billed makes this case potentially a little more challenging to settle, but we are unable to hold off any longer.   In addition to the fact that the trial date is now just two and a half weeks away, we found out this week that another case that John and I are handling in the Atlanta division was moved from a June 2 trial calendar to the third spot on a May 10 trial calendar.   We asked the Court in that case if it could be moved back to the June calendar because of our pre-existing May 17 trial in this case, but the Court declined to do so.   Thus, we now have a week and a half to prepare for two back-to-back federal jury trials.   We will be fully engaged in both immediately.

As we previously discussed, I think there is some chance this case could settle given that it has not been heavily litigated compared to most cases that reach the "eve of trial," as this one now has.   However, with every passing day our fees will now increase significantly, so time is of the essence.

Please let me know.

Thanks,
Lisa

---

**From:** R. Patrick White < patrick.white@kershawwhite.com > >
**Date:** Wednesday, April 21, 2021 at 11:56 AM
**To:** Lisa Taylor < lisa@stembridgetaylor.com > >
**Cc:** John Stembridge < john@stembridgetaylor.com > > , Victoria Engleman < victoria@stembridgetaylor.com > > , Susan L. White < susan.white@kershawwhite.com > >
**Subject:** RE: Johnston v. Pye Cars et al.

Lisa:

I wanted to get you and John an offer by today, but Johnny Pye was not able to meet with me until April 27. I'm going up to Dalton then and will let you know how it goes. I need a face to face meeting to get this done.

Now that I know Venture Drilling is you, we should have no further issues with connecting by phone.

Thanks.

-Pat


**R. Patrick White**

---

**From:** Lisa Taylor < lisa@stembridgetaylor.com  > >
**Sent:** Wednesday, April 21, 2021 11:21 AM
**To:** R. Patrick White < patrick.white@kershawwhite.com  > >
**Cc:** John Stembridge < john@stembridgetaylor.com  > > ; Victoria Engleman <
victoria@stembridgetaylor.com  > > ; Susan L. White < susan.white@kershawwhite.com  > >
**Subject:** Re: Johnston v. Pye Cars et al.

Hi Pat – I'm sorry I had to drop off the end of our call on Friday.   John filled me in on the rest
of your discussion, so I understand that you were going to be speaking with your client about
the possibility of engaging in settlement negotiations, and that you would get back to us on
that ASAP.   I just wanted to check to see if you were able to speak with your client, as we
need to push forward with trial preparations if we are not going to discuss resolution.   Please
let me know.   Happy to schedule another all if that would help.


Lisa

---

**From:** R. Patrick White < patrick.white@kershawwhite.com  > >
**Date:** Thursday, April 15, 2021 at 7:14 PM
**To:** Lisa Taylor < lisa@stembridgetaylor.com  > >
**Cc:** John Stembridge < john@stembridgetaylor.com  > > , Victoria Engleman <
victoria@stembridgetaylor.com  > > , Susan L. White < susan.white@kershawwhite.com
> >
**Subject:** RE: Johnston v. Pye Cars et al.

Thanks, Lisa. My direct dial number is (470) 344-0992.

Talk with you and John tomorrow at 3:00 pm.

-Pat


**R. Patrick White**
**Managing Member**
**Kershaw White LLC**



5881 Glenridge Drive, N.E., Suite 100
Atlanta, GA **30328**
**470-443-1100 - Main**
**404-748-1179 – Fax**
**470-344-0992 – Direct Dial**

---

**From:** Lisa Taylor < lisa@stembridgetaylor.com > >
**Sent:** Thursday, April 15, 2021 6:52 PM
**To:** R. Patrick White < patrick.white@kershawwhite.com > >
**Cc:** John Stembridge < john@stembridgetaylor.com > > ; Victoria Engleman < victoria@stembridgetaylor.com > > ; Susan L. White < susan.white@kershawwhite.com > >
**Subject:** Re: Johnston v. Pye Cars et al.

Pat - Let's do 3:00 if that works for you. We will call your office then.

Lisa D. Taylor
Stembridge Taylor LLC
Direct: 678-522-0599

---

_____

**From:** R. Patrick White < patrick.white@kershawwhite.com > >
**Sent:** Thursday, April 15, 2021 4:26 PM
**To:** Lisa Taylor
**Cc:** John Stembridge; Victoria Engleman; Susan L. White
**Subject:** RE: Johnston v. Pye Cars et al.

Lisa:

Any time tomorrow after 3PM would work for me.

-Pat

## R. Patrick White

**From:** Lisa Taylor < lisa@stembridgetaylor.com > >
**Sent:** Thursday, April 15, 2021 4:07 PM
**To:** R. Patrick White < patrick.white@kershawwhite.com > >
**Cc:** John Stembridge < john@stembridgetaylor.com > > ; Victoria Engleman < victoria@stembridgetaylor.com > > ; Susan L. White < susan.white@kershawwhite.com > >
**Subject:** Re: Johnston v. Pye Cars et al.

Pat – John and I have been discussing the process of preparation for trial and had a few things we wanted to discuss with you.   Do you have time for a call tomorrow (Friday 4/16)?

**From:** Lisa Taylor < lisa@stembridgetaylor.com > >
**Date:** Monday, April 12, 2021 at 7:37 PM
**To:** R. Patrick White < patrick.white@kershawwhite.com > >
**Cc:** John Stembridge < john@stembridgetaylor.com > > , Victoria Engleman < victoria@stembridgetaylor.com > > , Susan L. White < susan.white@kershawwhite.com > >
**Subject:** Re: Johnston v. Pye Cars et al.

Pat – I am following up on my message to you below, dated November 20, 2020, to which I never received any response.   As you know, we are looking toward a trial date just over a month from now.   My client remains amenable to a reasonable resolution of this matter without the need for an expensive, time-consuming, public trial, but we are on the verge of commencing trial preparations in earnest.   This will, of course, drastically increase Ms. Johnston's attorneys' fees in very short order.   Thus, if there is any interest in settling either the FLSA component, or perhaps even all of Ms. Johnston's claims, time is of the essence. Please let me know this week if your clients are interested in discussing a reasonable out-of-court resolution of all or any part of Ms. Johnston's claims.   If they are not, we will be preparing for trial immediately, and any future settlement discussions will of necessity take account of the fees incurred to that date.

Best,

Lisa D. Taylor
**Stembridge Taylor LLC**
lisa@stembridgetaylor.com
www.stembridgetaylorlaw.com (coming soon)
Direct: 678-522-0599



**From:** Lisa Taylor < lisa@durhamtaylor.com > >
**Date:** Friday, November 20, 2020 at 11:40 AM
**To:** R. Patrick White < patrick.white@kershawwhite.com > >
**Cc:** John Stembridge < john@stembridgelaw.com > >
**Subject:** Johnston v. Pye Cars et al.

FOR SETTLEMENT PURPOSES ONLY/NOT ADMISSIBLE FOR ANY PURPOSE

Pat – I am sending this in response to your request that Ms. Johnston submit a settlement demand that covers only her FLSA unpaid overtime claim.   Ms. Johnston has reviewed the records produced in discovery and compared them to her recollection of what happened. Based on her analysis, she would be willing to resolve her FLSA claims for a lump sum payment of $1,000, which can be designated for tax purposes as $500 unpaid overtime (subject to withholdings) and $500 liquidated damages (not subject to withholding).

Please let me know if this is acceptable to your clients.   If so, we can then negotiate Ms. Johnston's recovery of fees and costs as a necessary component of the FLSA settlement. *See  Martin v. Huddle House, Inc.* , No. 2:10-CV-0082-WCO, 2011 WL 611625 (N. D. Ga. Feb. 11, 2011) (holding that fee recovery as component of FLSA claim cannot be negotiated until after agreement is reached as to unpaid wages due).


--
**Lisa D. Taylor**
**Durham Taylor LLC**
lisa@durhamtaylor.com
Office:   (770) 235-1117
Mobile:   (678) 522-0599
www.durhamtaylorlaw.com

--------Kershaw White LLC Confidentiality Notice------- This e-mail transmission and the attachments accompanying it may contain confidential information from the law firm of Kershaw White LLC which is protected by the attorney-client communication privilege or the work product privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal

under the law. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

--------Kershaw White LLC Confidentiality Notice------- This e-mail transmission and the attachments accompanying it may contain confidential information from the law firm of Kershaw White LLC which is protected by the attorney-client communication privilege or the work product privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

--------Kershaw White LLC Confidentiality Notice------- This e-mail transmission and the attachments accompanying it may contain confidential information from the law firm of Kershaw White LLC which is protected by the attorney-client communication privilege or the work product privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

--------Kershaw White LLC Confidentiality Notice------- This e-mail transmission and the attachments accompanying it may contain confidential information from the law firm of Kershaw White LLC which is protected by the attorney-client communication privilege or the work product privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.