IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MELANIE JOHNSTON,<br><br>    Plaintiff,<br><br>v.<br><br>PYE CARS OF DALTON, INC.<br>and LIONEL F. PYE, JR. aka<br>"JOHNNY PYE",<br><br>    Defendants. | CIVIL NO. 4:19-cv-00126-WEJ |

**DECLARATION OF JOHN T. STEMBRIDGE**

My name is John Stembridge. I am over the age of twenty-one (21) years and competent to testify in the matters contained herein. This Declaration is based upon my personal knowledge:

1.

I have represented the Plaintiff Melanie Johnston in this case since just after her termination from Defendant Pye Cars of Dalton, Inc. in March 2018. Ms. Johnston retained me after I was contacted by Lisa Taylor, formerly of the firm Durham Taylor LLC, who asked me to work on the case with her. Our firms merged to form Stembridge Taylor LLC in January 2021.

2.

I have been a member in good standing of the Georgia State Bar since 2003.

3.

I earned a Bachelor of Arts degree from the University of Georgia in 1993. I graduated, *cum laude*, from the University of Georgia School of Law in 2003. During law school, I served as Articles Editor for the *Georgia Journal of International and Comparative Law*, competed at the American Bar Association's National Appellate Advocacy Competition, competed at the Vanderbilt First Amendment Moot Court Competition, and served on the Moot Court Board.

4.

From January 1994 to August 2000, I was employed by Bank of America, where I worked as a retail bank branch manager, a regional sales manager, and finally in the commercial bank where I was assigned a corporate loan portfolio of approximately 25 clients.

5.

I have practiced law for approximately eighteen years and my entire practice has been devoted to employment law. From approximately 2003 through 2005, I was an associate with the firm of Ford & Harrison, LLP, which is a national firm that focuses on labor and employment law.

6.

From approximately 2005 through 2010, I was an associate with the firm of Littler Mendelson, P.C., and from approximately 2010 through May 2012, I was a shareholder with the firm of Littler Mendelson, P.C.  Littler Mendelson is a firm with more than 1,600 attorneys in over 100 offices that specializes in labor and employment law.  While with Littler Mendelson, the vast majority of my practice was dedicated to litigating single plaintiff and multi-plaintiff employment related lawsuits, and class and collective actions brought under the FLSA and/or related state laws.

7.

For example, I represented the Defendant or Defendants in the single plaintiff and multi-plaintiff cases, *Boston v. MasTec Services Company, Inc.*, 8:07-cv-01312-RAL-MAP (M.D. Fla. July 27, 2007); *Byars v. Pawnmart, Inc. et al.*, 1:07-cv-03174-JEC (N.D. Ga. Dec. 20, 2007); *Laymon v. Gentiva*, 2:08-cv-00710-JES-SPC (M.D. Fla. Sept. 15, 2008); *Malcolm v. MasTec, Inc.*, 3:09-cv-00035-HLA-JRK (M.D. Fla. Jan. 13, 2009); *Hampton, et al. v. MasTec North America, Inc.*, 1:09-cv-00198-TWT (N.D. Ga. Jan. 23, 2009); *Walker v. MasTec, Inc., et al.*, 3:10-cv-00146-HEH (E.D. Va. March 8, 2010); *Bernard v. MasTec*

3

*Services Company, Inc.*, 3:10-cv-00626 (N.D. Tex. March 31, 2010); *Edens, et al. v. State Farm Mutual Automobile Insurance Company*, 1:10-cv-02093-CAP (N.D. Ga. July 6, 2010); *Filipov v. American Residential Services, L.L.C.*, 1:11-cv-00366-JOF (N.D. Ga. Feb. 5, 2011); *Nguyen v. MasTec Services Company, Inc., et al.*, 1:11-cv-00120-SS (W.D. Tex. Feb. 15, 2011); *Salamaya v. MasTec Services Company, Inc.*, 6:11-cv-01633-PCF-GJK (M.D. Fla. Oct. 11, 2011); *Barnes, et al. v. United Home Care of North Atlanta, Inc., et al.*, 1:11-cv-03967-RWS (N.D. Ga. Nov. 17, 2011); *Hein v. Nsoro MasTec, LLC, et al.*, 2:12-cv-00004 (E.D.N.C. Jan. 20, 2012).

8.

Examples of class and collective actions in which I represented the Defendant or Defendants include, *Barrosa v. DirecTV, Inc., et al.*, 1:06-cv-20503-JAL (S.D. Fla. Feb. 27, 2006); *Radinski, et al. v. Apex Digitial, LLC, et al.*, 1:07-cv-00571 (N.D. Ill. Jan. 20, 2007); *Tyson Foods MDL*, 4:07-md-01854-CDL (M.D. Ga. Aug. 28, 2007); *Williams v. MasTec North America, Inc. et al.*, 1:07-cv-22520-ASG (S.D. Fla. Sept. 25, 2007); *Arce v. MasTec North America, Inc. et al.*, 1:08-cv-22029-UU (S.D. Fla. July 17, 2008); *Powers, et al. v. Centennial Communications Corp.*, 1:08-cv-00208-PPS-CAN (N.D. Ind. Sept. 11, 2008); *Youngblood, et al. v. Family Dollar*

4

*Stores, Inc. et al.*, 1:09-cv-03176-RMB-FM (S.D.N.Y. April 2, 2009); *Carter, et al. v. MasTec Services Company, Inc. et al.*, 2:09-cv-02721-RMG (D.S.C. Oct. 19, 2009); *Delano, et al. v. MasTec, Inc., et al.*, 8:10-cv-00320-JDW-MAP (Jan. 29, 2010); *Lopez, et al. v. MasTec, Inc.*, 1:10-cv-20361-UU (Feb. 4, 2010); *Barker, et al. v. Family Dollar, Inc.*, (W.D. Ky. March 15, 2010); *Turean v. MasTec, Inc. et al.*, 0:10-cv-60494-JIC (S.D. Fla. April 1, 2010); *Rancharan v. Family Dollar Stores, Inc.*, 1:10-cv-07580-RMB-FM (S.D.N.Y. Oct. 4, 2010); *DeAnna Putnam v. Healthworks Fitness Centers, Inc., et al.*, Case No. SUCV2011-04423 (Mass. Super. Ct., Dec. 6, 2011).

9.

In 2012, I left Littler Mendelson to form the firm Andrews & Stembridge, LLC. In 2016, I formed Stembridge Law, LLC, and in January 2021 I formed Stembridge Taylor LLC with my partner and co-owner, Lisa Taylor. Since practicing in my own firms, I have represented plaintiffs and defendants in many employment related matters. For example, in addition to this case, some of the cases I have represented plaintiffs are *Register, et al. v. Laughing Out Loud Restaurant Group, LLC, et al.*, 1:10-cv-03861-JEC (N.D. Ga.); *Dudley v. Morgan Keegan & Co., Inc.*, 1:11-cv-02700-RLV (N.D. Ga.); *Lamport v. Facility Holdings Corp.*, 1;12-cv-987-CAP (N.D. Ga.); *Brown v. Spalding Co.*, 3:12-cv-169-TCB (N.D. Ga.);

5

*Merida v. Wireless Vision LLC*, 1:18-cv-569-SCJ (N.D. Ga.); *Reynolds v. Elixir Door and Metals Co.*, 7:16-cv-220 (M.D. Ga.); *Chandler v. Pye Automotive Group LLC, et al.*, No. 4:17-CV-0086-HJM-WEJ (N.D. Ga.); *Claros & Steakley v. Taylor Lee & Associates et al*, No. 1:18-CV-02204-CAP-WEJ (N.D. Ga.); *Franco v. Aaron's, Inc.*, No. 1:19-CV-182-CAP-LTW (N.D. Ga.); *Caruso v. American Family Care Georgia, LLC*, No. 1:20-CV-04775-ELR-RDC (N.D. Ga.); and *Lamb v. Clayton County School District*, No. 1:19-CV-00695-WMR-JSA (N.D. Ga.).

10.

My hourly rate is $450.00 per hour. As evidence of the reasonableness of my hourly rate, when I left Littler Mendelson in May 2012, my hourly rate was $375.00 per hour. My hourly rate is consistent with the rates I charge in other comparable matters and which clients actually pay in other matters. More specifically, this is the rate that I charge in contingency-based employment litigation, and this rate is used to calculate my fees at the time of resolution under the terms of my standard contingency engagement, whether based on an hourly recovery or a percentage recovery. I charge a slightly lower rate to clients who pay by the hour as the matter progresses (as opposed to contingency matters), and this difference in rate is intended to account for the significant risk involved in devoting time to litigating

contingency cases without being paid, sometimes, including as here, for several years.

11.

Lisa Taylor is my co-counsel in this matter and I have worked with her on every phase of this case, beginning with consultation on the case and litigation strategy and culminating in co-counseling with her at the jury trial. Our strategizing and collaboration have been instrumental in our mutually successful representation of Ms. Johnston. Because we have similar experience levels, our rates are the same at $450 per hour.

12.

My experience with individuals seeking representation in employment discrimination and retaliation cases demonstrates that those individuals face substantial difficulty in securing competent counsel and would be unable to do so, in part, due to their lack of financial resources, without a contingent fee agreement. In this case our fee agreement is a contingent fee agreement. We took this case because we believed that Ms. Johnston had been unlawfully discriminated against based on her sex and retaliated against for complaining about sexual harassment. During my work on this case, I set aside hourly fee work in order to prosecute this matter.

13.

All of the time our firm billed was, in my judgment, necessary to provide proper representation to Ms. Johnston. The time records attached are contemporaneous. The time was recorded at the time the services were rendered and input into a computer program, Clio, which maintains those records for our firm. I reviewed all of time I billed and removed any time which, in my billing judgment, was not necessary or was duplicative. Time records reflecting the time that I, or my co-counsel, Lisa Taylor, devoted to the representation of Plaintiff in this case are included with the records attached to our declarations. That time was absolutely necessary to prosecute this case and is reasonable for successfully litigating and taking to trial a hard fought employment discrimination and retaliation case.

14.

In my opinion, the rates charged for me and my co-counsel, Lisa Taylor, and the amount of time spent by our firm was reasonable and customary for the various specific tasks, and was reasonable and customary for the complexity of issues involved in this litigation. I note that in reviewing my fees, I exercised billing judgment and wrote off all time I felt was redundant or unnecessary in the prosecution of this case.

I declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct and based upon my personal knowledge.

Signed on this 5th day of August, 2021.

_____
John T. Stembridge