FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Sep 28 2021

KEVIN P. WEIMER, Clerk

By: s/Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MELANIE JOHNSTON,

    Plaintiff,

  v.

PYE CARS OF DALTON, INC.,

    Defendant.

CIVIL ACTION FILE

NO. 4:19-CV-00126-WEJ

## ORDER

This matter is before the Court on Plaintiff's Motion for an Award of Attorney's Fees [93]. For the reasons explained below, the undersigned awards plaintiff, Melanie Johnston, attorney's fees of $227,160.

### I. BACKGROUND

On May 19, 2021, at the conclusion of a three-day trial, the jury returned a $400,000 verdict [86] in favor of plaintiff and against defendant, Pye Cars of Dalton, Inc. ("Pye"). The jury awarded Ms. Johnston compensatory and punitive damages on her hostile work environment claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u> ("Title VII"), and compensatory and punitive damages on her state law tort claims of intentional infliction of

emotional distress and negligent retention.[1]  Applying the damage caps in 42 U.S.C. § 1981a, the Court entered a judgment [92] for plaintiff in the amount of $150,000 on June 15, 2021.

Plaintiff had also sued Pye under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").  The parties settled the FLSA claim, which the Court approved in an Order dated June 15, 2021 [91].  The parties agreed that the amount of attorney's fees to be awarded plaintiff as the prevailing party on her FLSA claim would be addressed by the Court.  (See Settlement Agreement [90-2] 2.)

On June 29, 2021, plaintiff filed her Motion for Award of Attorney's Fees [93] pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Civil Rule 54.2.  She particularized that Motion in a Brief in Support of her Motion for an Award of Her Reasonable Attorneys' Fees [99], filed August 5, 2021.  Plaintiff claims fees as the prevailing party under Title VII and the FLSA.  See 42 U.S.C. § 2000e-5(k); 29 U.S.C. § 216(b).  She supports her Motion with detailed contemporaneous billing records [99-1], Declarations from her trial counsel, Lisa

---

[1] The Court entered a Judgment as a Matter of Law [80] against plaintiff's Title VII retaliation claim at the close of the evidence.

D. Taylor [99-2] and John T. Stembridge [99-3],[2] a Declaration from her trial consultant, Holly A. Pierson, Esq. [99-4],[3] and a Declaration from a neutral third party, Cheryl B. Legare, Esq. [99-5].[4]  Based on the so-called "lodestar" approach, which is the number of hours reasonably expended (510.9 hours) multiplied by a reasonable hourly rate ($450 per hour for trial counsel and $100 per hour for a paralegal), see Nelson v. PJ Cheese, Inc., No. 4:20-CV-00242-JPB, 2021 WL 2493252, at *2 (N.D. Ga. June 17, 2021), plaintiff seeks attorney's fees of $220,135 though the date of filing of the Motion.

---

[2] Both Ms. Taylor and Mr. Stembridge bill at a rate of $450 per hour. (Taylor Decl. [99-2] ¶ 9; Stembridge Decl. [99-3] ¶ 11.)  They both declare that they reviewed the time records to ensure that all timekeepers had exercised sound billing judgment when allocating and recording their time; they removed any excessive, redundant, or otherwise unnecessary hours or portions thereof (of which there were almost none); and all of the time billed was, in their professional judgment, necessary to provide proper representation of Ms. Johnston. (Taylor Decl. [99-2] ¶ 11; Stembridge Decl. [99-3] ¶ 13.)

[3] Although she did not participate in the trial, Ms. Pierson consulted with trial counsel on a real-time basis to provide strategic insight and assistance.  Among other things, she held multiple strategy sessions with trial counsel, engaged in a witness preparation session with Ms. Johnston, and conducted research and provided input on evidentiary issues. (Pierson Decl. [99-4] ¶¶ 9-10.)

[4] Ms. Legare, who has expertise in employment discrimination law and has practiced many years before this Court, declares that the hourly rate sought by Ms. Taylor and Mr. Stembridge is reasonable and consistent with (or even below) the current market rate in metropolitan Atlanta. (Legare Decl. [99-5] ¶ 19.)

Pye filed a Response [102] to that Motion on August 23, 2021. Pye agreed that plaintiff is the prevailing party, that the Court should follow the loadstar approach, that a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation, and that plaintiff's trial counsel possess the requisite skill and experience to command an hourly rate of $450. Nevertheless, Pye asserts that the hourly rate and hours sought should be reduced for the following reasons:

(1) Plaintiff's trial counsel should be awarded a "blended" hourly rate of $300 instead of $450;[5]

(2) The number of hours sought should be reduced by half because Ms. Taylor and Mr. Stembridge sometimes billed time on the same day, such as in communicating and strategizing with one another about the case;

---

[5] Some law firms providing employers a defense under EPLI policies bill the client or insurer a "blended" rate that is somewhere between the higher hourly rate billed by a more-experienced lawyer and the lower hourly rate billed by a less-experienced lawyer. Pye asserts that much of the work billed here by Ms. Taylor or Mr. Stembridge could have been performed by lawyers with lower hourly rates, but plaintiff's trial counsel did not employ such lawyers. Thus, Pye proposes a solution reasonable from its perspective—blending trial counsel's hourly rate ($450) with that of their paralegal ($100).

(3)     The number of hours sought should be reduced by five percent because plaintiff did not prevail at trial on her retaliation claim (although it would be difficult to allocate time spent on this claim from the ones where she prevailed); and

(4)     Plaintiff cannot recover the fees of an expert trial consultant (Ms. Pierson) under 28 U.S.C. § 1920.

According to Pye, the Court should award plaintiff attorney's fees of $114,741. (Def.'s Resp. [102] 2.)

Plaintiff filed a Reply [105] in support of her Motion on September 10, 2021. Plaintiff rebuts the four arguments Pye makes for reducing the fee award and seeks an additional $7,025 in fees (for 15.9 hours) incurred in preparing her Reply Brief. See Jonas v. Stack, 758 F.2d 567, 568 (11th Cir. 1985) (attorneys should be compensated for the time reasonably expended in seeking an award of fees). The total attorney's fees sought is now $227,160.

## II.    DISCUSSION

The Court credits Pye's counsel with creative arguments supporting reduction of a fee award. However, none of them are sufficient for the Court to reduce either the hours sought or the hourly rate.

Specifically, defendant cites no case law supporting its argument that the Court should substitute a blended $300 hourly rate for the reasonable hourly rate of $450. The fact that some firms may bill insurance carriers a blended defense rate—compensation they will likely receive within a reasonable time after the invoice is sent—does not control what a plaintiff's attorney should receive after litigating a case for years with no guarantee of ever being compensated. The law requires the Court to award a reasonable hourly rate. The evidence shows that the reasonable hourly rate is $450. There is no basis to reduce it.

Second, the Court has reviewed the billing records submitted by Ms. Taylor and Mr. Stembridge and cannot see a basis to reduce the number of hours they seek by half based on the claim that they sometimes billed time on the same day. Plaintiff's counsel aver that they exercised billing judgment and removed excessive, redundant, or otherwise unnecessary hours.[6] Defendant has not challenged that averment with any probative evidence. "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the

---

[6] Plaintiff's counsel have also attached an exhibit explaining that the hours Pye claims are redundant are not redundant. (See Pl.'s Ex. B [105-2].) The Court agrees that those hours are either conferral and strategy or separate work.

distinct contribution of each lawyer." Norman v. Housing Auth. of Montgomery, 836 F2d 1292, 1302 (11th Cir. 1988). Indeed, communicating and strategizing with one another about a case is expected. See Brochin v. Sunshine Ret. Living, LLC, No. 1:18-CV-4301-WMR, 2020 WL 10058122, at *4 (N.D. Ga. Sept. 28, 2020) ("'[M]ultiple attorneys on the same case are not automatically precluded from obtaining fees for strategic conferences between themselves.'") (quoting Prison Legal News v. Inch, 411 F. Supp. 3d 1198, 1212 (N.D. Fla. 2019)). Because Ms. Taylor and Mr. Stembridge were not unreasonably doing the same work and are being compensated for the distinct contribution each lawyer made, there is no basis to reduce the 526.8 hours sought.

Third, the Court's entry of judgment as a matter of law on plaintiff's retaliation claim had almost no impact on Ms. Johnston's ultimate recovery. Moreover, as Pye concedes, all claims in this case arose from the same common core of facts so that all work on those claims is inextricably intertwined. If there had been a lack of success on a distinct claim, then perhaps a reduction would be warranted. See Norman, 836 F.2d at 1302 ("[I]n determining reasonable hours the district court must deduct time spent on discrete and unsuccessful claims."); cf. Willoughby v. Youth Villages, Inc., 219 F. Supp. 3d 1263, 1270-71 (N.D. Ga. 2016) (employees' limited success in their FLSA collective action based on

employer's failure to pay overtime compensation and deduction of break time for breaks not taken warranted twenty-five percent reduction in lodestar amount in calculating employees' attorney fee award).

But that is not what happened here. Plaintiff achieved excellent results, obtaining a jury verdict ($400,000) over three times the last settlement offer ($120,000). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . [T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983); see also Norman, 836 F.2d at 1302 ("Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours."). Accordingly, there is no basis to reduce the hours claimed because the retaliation claim was dismissed.

Finally, although defendant is correct that expert fees cannot be recovered under 28 U.S.C. § 1920, Ms. Pierson was not retained as an expert. She was retained as a lawyer. She performed legal work related to trial preparation and the trial itself. Therefore, there is no basis to exclude her fees.

### III. CONCLUSION

For the reasons explained above, the Court finds reasonable both the number of hours sought by plaintiff's counsel (526.8) and the proposed hourly rate ($450). Therefore, Plaintiff's Motion for an Award of Attorney's Fees [93] is **GRANTED**. The Court awards plaintiff, Melanie Johnston, attorney's fees in the amount of $227,160.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 28th day of September, 2021.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE